## SEWARD vs. THE TOWN OF MILFORD.

HIGHWAYS: *liability of towns.*

1. In an action for injuries from a neglect to repair a high road, it appearing that plaintiff received the injury while on the usual traveled track, near the middle of the highway, in the evening, in ignorance that the same had been largely washed away several weeks before, and a temporary track used turning off into a ditch at one side of the highway : *Held,* that it was not error to instruct the jury that plaintiff had a right to presume that the road was reasonably safe in its surface and margin, and if he was injured in consequence of its not being so, he could recover.

2. Such instruction, upon the facts of the case, did not imply that the town was bound to keep the whole width of the highway in such a condition that teams could pass over it safely in every part.

3. Nor was it error to instruct the jury " that highways are made to be traveled by night as well as by day; and that plaintiff had a right to presume that the ordinary traveled track, as it had been for years traveled, was reasonably safe, unless he had notice to the contrary; and if he was in the traveled track, and it was in want of repair, and had been so left negligently by the town," it was liable for damages sustained by him in consequence thereof, if he used ordinary care.

4. Where the usual traveled track of a highway has become dangerous, the town is bound either to repair it at once, or at least to maintain suitable guards to prevent persons traveling on it.

APPEAL from the Circuit Court for *Jefferson* County.

Action for injuries to the person of the plaintiff received in consequence of the condition of a public road in the defendant town. The facts are stated in the second paragraph of the opinion. The circuit court instructed the jury, at defendant's request, as follows : " 1. If plaintiff, in passing the highway in question, acted with ordinary caution, and the highway was in want of repair, and in consequence of that want of repair plaintiff was injured, he is entitled to recover. 2. Plaintiff had a right to presume that the road was reasonably safe in its surface and margin; and if the highway was not reasonably safe in its surface and margin, and in consequence of the road being so in want of repair plaintiff was injured, he is entitled to recover. * * 4. It was the duty of the town to have proper

guards and protections against accident, and if it did not have them, and plaintiff was not negligent on his part, he is entitled to recover. 5. Highways are made to travel by night as well as by day, and plaintiff had a right to presume that the ordinary traveled track, as it had been for years traveled, was reasonably safe, unless he had notice to the contrary; and if he wss in the traveled track, and it was in want of repair, and had been so left negligently by the town, they are holden to the plaintiff for the damages he sustained, if he used common or ordinary care."

The defendant asked the following instructions, among others: "3. If the town used ordinary care and diligence under the circumstances of the case, in making the road passable, it is not liable for the injury." "5. If the town put up proper guards to notify and keep travelers from going over the dangerous track, and kept them up until the night of the accident, and such guards were removed by some person in the dark, it is not liable." "6. If there was then a plain traveled track, and plaintiff diverged from it without necessity, or if the horses turned from a natural instinct or from inability to see on account of the darkness, the town is not liable." The court refused the sixth instruction; gave the third modified by inserting the words "safe and" before the word "passable;" and gave the fifth modified so as to read as follows: "5. If the town had not had time to repair said road, it might put up proper guards to notify and keep travelers from going over the dangerous track; and if it did, and kept up the same until the night of the accident, and such guards were removed by some person in the dark, the town is not liable; but it is for you, if you find the guards testified to were up at dark, to say whether they were of that substantial nature to be proper."

The court also, in its general charge, gave the following instructions: "The material inquiry for you upon the question of the care and diligence of the plaintiff at the time of the

accident is, did he use such caution to prevent accident as persons of ordinary care and diligence are in the habit of taking in the night time, and under the circumstances of this case, to prevent accident?" "The main track where the travel is at the time of the accident, is not the whole highway, and it is not always sufficient that such main track is in suitable repair to be passable. The condition of the road at the side should be such that there is not danger of a person, either by night or by day, who is in the exercise of ordinary care and diligence, driving off such main traveled track; and especially is this the case when, by reason of recent changes in the traveled track, a new track has been adopted, and there is danger of persons, from their previous acquaintance with the old track, in the night time, when they cannot well discover the condition of the road, following the old track." A number of other instructions were given, which are not important here.

Verdict and judgment for plaintiff; and defendant appealed.

*D. F. Weymouth*, for appellant, to the point that the court erred in modifying the third instruction asked by defendant as above stated, cited R. S., ch. 19, secs. 16, 22, 23, 26, 33, 47, 49. As to the last instruction in the general charge, as above given, he cited *Week v. Turnpike Co.*, 20 Conn., 134; *Smith v. Smith*, 2 Pick., 621; *Howard v. N. Bridgwater*, 16 id., 189; *Tisdale v. Norton*, 8 Met., 388; *Farnham v. Concord*, 2 N. H., 390; *Rice v. Montpelier*, 19 Vt., 470, and cases there cited.

*Gerrit T. Thorn*, for respondent.

COLE, J. We do not think there is any error of which the town can complain either in the instructions which the court gave the jury on the trial of this cause upon its own motion, or at the request of the plaintiff; or in the modification of the third and fifth instructions asked by the defendant; or in the refusal to give the sixth instruction. These instructions are too numerous to be noticed in detail, but it is very

evident they should be considered with reference to the facts of the case before the jury and not with reference to some supposed case presenting a different state of facts, and to which they might not so properly apply. A brief glance at a few leading facts of the case will amply vindicate the correctness of the ruling of the court upon the instructions. The evidence satisfactorily shows that the plaintiff was injured while driving along the main traveled track in the exercise of proper care, solely in consequence of the defect in the highway which the town was either bound to repair at once, or at least to keep up some suitable guards to prevent travelers from going over the dangerous track. This was the clear duty of the officers of the town. Now it appears from the evidence that this portion of the road where the injury was sustained, some five or six weeks before the accident, had been washed away or gullied out on each side by heavy rains, so as to leave a strip only two or three feet wide in the middle of the track. In this condition the highway was dangerous, and almost impassable for double teams and wagons at this point. The officers of the town knew of the condition of the highway, and had made a temporary road in the ditch up the hill along the usually traveled track. This new road however was rather blind, and was liable to be missed where it turned into the ditch from the usually traveled track, except by one familiar with the highway at that point. It appears that the plaintiff had not passed over the road for some months, and was ignorant of its dangerous condition. He says, in his testimony, that he came along to this part of the highway in the early part of the evening on the 12th of May last, with his team and wagon loaded with goods, boxes and barrels ; that it was cloudy and dark, so that it was only by close observation he could see where the track was ; that he did not observe that there was a road which went off into the ditch at the foot of the hill, but supposed he must keep the main traveled track in order to avoid deep

gullies on each side of the road at that place.    When he got
about half way up the hill, the wheel on the right hand side
dropped down into the gully three or four feet deep, and threw
him and his load into the ditch, where his right leg was frac-
tured below the knee, both bones being broken, and other in-
juries    were    sustained.    In    view    of    evidence    of    this
character, the court, among other things, charged the jury, at
the request of the plaintiff, that the plaintiff had a right to
presume that the road was reasonably safe in its surface and
margin ; and that if the highway was not reasonably safe in
its surface and margin, and in consequence of the road being
so in want of repair the plaintiff was injured, then he was en-
titled to recover.    This instruction is sharply criticised by the
counsel for the town, who insists that it was equivalent to tell-
ing the jury that the plaintiff had a right to presume that the
entire surface of the road was smooth, safe and convenient for
traveling purposes, and that the law imposed upon the town
the obligation of making the whole width of the road, four
rods wide, smooth and safe.    But we do not think this portion
of the charge could have been misunderstood by the jury, or
that it is fairly open to the criticism passed upon it.    Of course,
the court was laying down the law applicable to the facts be-
fore the jury, and had no occasion to consider whether it was
the duty of the town to make the whole surface of the road
from one fence to the other safe and suitable for use as a high-
way.    The plaintiff was not injured by getting into a ditch out-
side of and beyond the usually traveled track.    He was pass-
ing along this track on the main traveled part of the highway ;
and the question is, there being nothing to warn him that the
road was dangerous—had he a right to assume that he could
continue his course ?    We think he might so assume, and that
there was no error in the instruction when considered in con-
nection with the facts of the case.

Again, it is claimed that the court erred in charging the jury

that highways are made to be traveled by night as well as by day ; and that the plaintiff had the right to presume that the ordinary traveled track, as it had been for years traveled, was reasonably safe; and that if he was in the usually traveled track, and it was in want of repair, and had been so left negligently by the town, then the town was liable for any damages the plaintiff had sustained in consequence of the defect in the highway, providing the plaintiff used common and ordinary care, and had no notice of the condition of the track. It is said that no person has a right to presume that the traveled track of a highway has not been changed, especially after a great freshet, since the track upon all highways in a new country is constantly changing. It was the duty of the town to keep the highway in a condition so that it could be safely and conveniently used by the public with teams and carriages, and if for any reason the town was unable to repair the road when it became dangerous and impassable, or had been compelled to change the track, it could easily have taken precautionary means to protect the public against the danger on the old track. And this is in substance what the court told the jury in the fifth instruction asked by the town, which it gave with a modification. That is, the jury were charged, that if the town had not had time to repair the road, it should have put up and kept up proper guards at that place to notify and prevent travelers from going over the dangerous track; and that if they were satisfied from the evidence that the town had done this, and kept such guards until the night of the accident, and the guards were removed by some one in the dark, they were instructed that the town was not liable for the injury which had happened, providing the guards were of a substantial and proper nature. What these guards should be, the court did not attempt to tell the jury; but it is obvious that they should be some railing, fence or other means suitable to protect the public, and notify travelers that the road was unsafe.

We see no error in the rest of the charge of the court, and think the judgment must be affirmed.

*By the Court.*—Judgment affirmed.