Ann C. BYSTERY and Don C. Bystery, Plaintiffs-Appellants,

v.

VILLAGE OF SAUK CITY and Heritage Mutual Insurance Company, Defendants-Respondents.

Court of Appeals

*No. 87-1494. Argued May 5, 1988.—Decided August 11, 1988.*

(Also reported in 430 N.W.2d 611.)

For the plaintiffs-appellants there were briefs by *James P. Gerlach,* and *Mark L. Krueger* and *LaRowe, Gerlach, Chiquoine & Kahler, S.C.,* of Reedsburg, and oral argument by *James P. Gerlach.*

For the defendant-respondent there was a brief by *Jerome P. Mercer* and *Clyde C. Cross,* and *Cross, Mercer*

*and Maffei,* of Baraboo, and oral argument by *Jerome P. Mercer.*

Brief of amicus curiae was filed by *D. J. Weis* and *Ronald S. Aplin,* and *Johnson, Weis, Paulson & Priebe, S.C.,* of Rhinelander, on behalf of the Wisconsin Academy of Trial Lawyers.

Before Gartzke, P.J., Eich and Sundby, JJ.

SUNDBY, J.    Ann Bystery was injured when the bicycle she was riding overturned on a Sauk City sidewalk. She appeals from a summary judgment dismissing her complaint against the village and its insurer for her injuries on the ground that the village is immune from liability under sec. 895.52, Stats. Because we conclude that the village is not so immune, we reverse.

Section 895.52(2)(b), Stats., provides that "[e]xcept as provided in subs (3) to (6), no owner ... is liable for any injury to ... a person engaging in a recreational activity on the owner's property ...." Subsections (3) to (6) provide when the state, a municipality, a nonprofit organization or a private landowner may be liable for such injuries. None of these provisions apply to this case.

"Owner"      includes      a      municipality.      Sec. 895.52(1)(d)1., Stats. Bystery concedes that at the time of her accident she was bicycling for recreation. The village argues that therefore the plain language of the statute requires that her action be dismissed.

Bystery contends that it is unlikely that the legislature intended by sec. 895.52, Stats., to extend municipal immunity to bicycling on public sidewalks located in densely populated urban areas. She contends that we should resolve the ambiguity she sees in sec. 895.52 as the New Jersey court resolved the

ambiguity in the New Jersey Landowner Liability Act. In *Harrison v. Middlesex Water Co.,* 403 A.2d 910, 913 (N.J. 1979), the New Jersey court held that the Act granted immunity from liability to the owners of land located in rural, sparsely settled areas but not to the owners of land located in residential and populated neighborhoods.

Neither the language of sec. 895.52, Stats., nor its legislative history supports a limitation of its application to sparsely settled, rural, residential areas. We nevertheless conclude that sec. 895.52 does not immunize the village from liability for Bystery's damages. The village may be liable to her under sec. 81.15, Stats., which provides:

> If damages happen to any person or his or her property by reason of the insufficiency or want of repairs of any highway which any town, city or village is bound to keep in repair, the person sustaining the damages has a right to recover the damages from the town, city or village.

"Highway," as used in this section, includes sidewalks. *Webster v. Klug & Smith,* 81 Wis. 2d 334, 339, 260 N.W.2d 686, 689 (1978). For summary judgment purposes, the village does not claim that it was not required to keep in repair the sidewalk where Bystery was injured.

Section 895.52, Stats., conflicts with sec. 81.15, Stats. When faced with an apparent conflict between two statutes dealing with the same subject matter, we attempt to harmonize them and give effect to each. *Bingenheimer v. DHSS,* 129 Wis. 2d 100, 107, 383 N.W.2d 898, 901 (1986). We do so by holding that

under sec. 895.52, Stats., a municipality is immune from liability for the insufficiency or want of repair of a highway or public sidewalk only when the municipality has withdrawn the highway or sidewalk from transportation uses, in whole or in part, has devoted the highway or sidewalk to recreational activities as defined in sec. 895.52(1)(g), and the claimed damages result from a recreational activity.

This construction of the statute is consistent with the legislative purpose. Section 29.68, Stats. (1963) the predecessor statute to section 895.52, Stats., was created "to encourage the use of forest and farmlands for many outdoor recreational sports by restricting the common-law liability of the landowner to such users in various respects." *Copeland v. Larson,* 46 Wis. 2d 337, 344, 174 N.W.2d 745, 749 (1970). In 1975, sec. 29.68 was expanded to include the federal government, the state and municipalities. Ch. 179, Laws of 1975. In 1983, sec. 29.68 was repealed and sec. 895.52 was created to replace it. 1983 Wis. Act 418. The declaration of legislative intent shows that the purpose of sec. 895.52 is the same as former sec. 29.68: to encourage landowners who might otherwise withhold their land from the use of others to make their land available for recreational activities. Section 1, 1983 Wis. Act 418. By including municipalities in the protection of sec. 895.52, Stats., the legislature has encouraged them to provide for their residents and the public a variety of outdoor recreational activities.

By including municipalities in the protection of sec. 895.52, Stats., the legislature has not, however, repealed sec. 81.15, Stats., by implication. The legislature, in enacting sec. 895.52, is presumed to have done

252

so with full knowledge and awareness of sec. 81.15, *See State ex rel. McDonald v. Douglas Cty. Cir. Ct.,* 100 Wis. 2d 569, 578, 302 N.W.2d 462, 466 (1981) (in enacting statutes, legislature is presumed to be aware of existing statutes). This presumption is especially strong in view of the long-standing legislative policy that municipalities are responsible for the maintenance and repair of local highways and sidewalks.

It has been legislative policy since the formation of the state that municipalities are to keep their highways and sidewalks in repair and are liable for injuries caused by want of repair and dangerous conditions thereof. Section 81.15, Stats., appeared in its original form in the first revised statutes of the state. R. S. 1849, ch. 16, sec. 103. The legislative policy to protect travelers and users of highways and sidewalks was recognized in numerous early decisions of the Wisconsin Supreme Court, including *Codner v. Town of Bradford,* 3 Pin. 259 (1851), *Seward v. Town of Milford,* 21 Wis. 485 (1867), *Dreher v. Town of Fitchburg,* 22 Wis. 675 (1868), and *Reed v. City of Madison,* 83 Wis. 171, 53 N.W. 547 (1892). It has been long settled that it is the "imperative" duty of a municipality to keep its sidewalks in a safe condition. *Colby v. City of Beaver Dam,* 34 Wis. 285, 288–89, 290–91 (1874).

The village points out that bicyclists may not use public sidewalks unless permitted by local authorities, sec. 346.94(1), Stats., and argues that sec. 895.52, Stats., should be construed to apply to public sidewalks as an inducement to municipalities to permit their use for bicycling. We reject such a construction as unrealistic and unreasonable. Section 895.52 ex-

tends immunity from liability only for recreational activities. If we adopt the construction which the village urges, liability would depend upon the subjective intent of the bicyclist. If he or she was bicycling to work, there would be no immunity. But if he or she was out for a Sunday afternoon spin, there would be immunity. We conclude that the legislature could not have intended such a result. The Wisconsin Supreme Court has rejected a similar construction of a previous version of sec. 81.15, Stats. In *Reed,* 83 Wis. at 178, 53 N.W. at 549, the court said:

> It would seem to be reasonable that if the person injured, whether an infant or an adult, was, in a proper sense, traveling on the sidewalk, it should not be an objection to his recovery that at the same time he was indulging in play or pastime not inconsistent with his being a traveler also. A person passing from place to place on a sidewalk is a *traveler* thereon. He is going somewhere. It makes no difference whether it is for business, or for pleasure, or merely to gratify an idle curiosity. (Emphasis in original.)

*See also LeMay v. Oconto,* 229 Wis. 65, 69–70, 281 N.W. 688, 690 (1938) (child operating a tricycle was a traveler on the sidewalk).

We find nothing in the language of sec. 895.52, Stats., or its legislative history to alter these results. We therefore conclude that the village's liability to Bystery is to be determined under sec. 81.15, Stats. We reverse the summary judgment.

The village argues that we may affirm the summary judgment because Bystery's evidence does not

support a finding of actionable negligence on the part of the village. The trial court found that the issue of the village's negligence was not appropriate for determination by summary judgment. It stated that the exact cause of the injury and the location where the injury occurred were not clearly delineated. We agree with the trial court that summary judgment was inappropriate to resolve the question of the village's negligence. We cannot, therefore, affirm the summary judgment on the ground that the right result was reached but for the wrong reason. *See State v. Alles*, 106 Wis. 2d 368, 391, 316 N.W.2d 378, 388 (1982) (appellate court may affirm judgment if correct regardless of reasons assigned by trial court for conclusion).

*By the Court.*—Judgment reversed.