Kathryn KOSTROSKI and Gerald Kostroski, Plaintiffs-Appellants,†

v.

COUNTY OF MARATHON, a municipal corporation, and Marathon County Park Commission, Defendants-Respondents.

Court of Appeals

*No. 90-0285. Submitted on briefs June 6, 1990.—Decided September 18, 1990.*

(Also reported in 462 N.W.2d 542.)

†Petition to review denied.

On behalf of plaintiffs-appellants, the cause was submitted on the brief of *James L. Bartells* of *Jerome A. Maeder, S.C.* of Wausau.

On behalf of defendants-respondents, the cause was submitted on the brief of *Mark W. Parman* of *Straub and Schuch* of Wausau.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J. Kathryn and Gerald Kostroski appeal a judgment that dismisses their personal injury action against Marathon County, arising out of Kathryn's fall on a portable wooden sidewalk in a county park. The Kostroskis allege that the trial court erred by applying the recreational immunity statute, sec. 895.52, Stats. The Kostroskis believe the county is liable for ordinary negligence under sec. 81.15, Stats., for failing to repair a sidewalk. The trial court disagreed and dismissed their action after the jury found that the county did not maliciously fail to warn of the sidewalk hazards, holding that, absent a showing of malice, a landowner who opens land to public recreation is not liable for injuries that occur thereon. We affirm.

According to the evidence at trial, Kathryn went to Marathon County Park to attend a company picnic for

employees of the supermarket where she worked. After reaching an area beneath the grandstand located within the park, she and her husband learned that there was a company softball game in progress at a ball diamond nearby in the park. In her journey to the ball field, Kathryn fell through a loose board when crossing a portable wooden sidewalk or walkway used to traverse a quarter-mile oval clay racetrack surrounding the ball field. *See* appendix. This lawsuit followed.

No owner, including a governmental body, is liable for any injury to a person allowed to engage in a recreational activity on the owner's property unless the injury is caused by malice. Section 895.52(2)(b) and (4)(b), Stats. A recreational activity is "any outdoor activity undertaken for the purpose of exercise, relaxation or pleasure . . .." Section 895.52(1)(g), Stats. Attendance as a spectator at a county fair falls within the immunity statute. *Hall v. Turtle Lake Lions Club,* 146 Wis. 2d 486, 489, 431 N.W.2d 696, 698 (Ct. App. 1988). We conclude that attendance at a picnic and as a spectator at a ball game in the park qualifies as recreational activity as well. The fact that Kathryn was walking from the picnic area to the ball park does not exclude her actions as recreational activity. In *Hall,* the fact that the spectator there was taking a break from fair activities and walking to the men's restroom when the accident occurred did not bar immunity: "This ordinary, necessary, and momentary diversion while still on the fair grounds certainly does not remove the landowner from the protection of the statute . . .." *Id.* The same conclusion is appropriate here.

The Kostroskis argue, however, that *Bystery v. Village of Sauk City,* 146 Wis. 2d 247, 430 N.W.2d 611 (Ct. App. 1988), provides an exception to recreational immu-

nity where the injury occurs on a municipal sidewalk. In *Bystery,* a cyclist riding her bike on a city sidewalk for recreation prevailed in her attempt to pursue liability under sec. 81.15, Stats., which provides: "If . . . damages happen by reason of the insufficiency or want of repairs of a highway . . . which occupies any land owned and controlled by the county, the county is liable for the damages . . .." "Highway," as used in this section, includes sidewalks." *Bystery,* 146 Wis. 2d at 251, 430 N.W.2d at 613.

The *Bystery* court reconciled the apparent conflict between the recreational immunity statute and the highway liability statute by establishing this rule: "[U]nder sec. 895.52, Stats., a municipality is immune from liability for the insufficiency or want of repair of a highway or public sidewalk only when the municipality has withdrawn the highway or sidewalk from transportation uses, in whole or in part, has devoted the highway or sidewalk to recreational activities as defined in sec. 895.52(1)(g), and the claimed damages result from a recreational activity." *Bystery,* 146 Wis. 2d at 252, 430 N.W.2d at 613. It is this application of this test to the facts of the present dispute that resolves this appeal.

We have already observed that Kathryn's damages result from a recreational activity. The portable sidewalk, whose only purpose was to provide access over a racetrack and connect two areas of the county park, was sufficiently withdrawn or withheld from transportation uses and devoted to recreational activities so as to comply with the test set forth in *Bystery.* The location of this sidewalk within the boundaries of a park is not dispositive. Were this sidewalk available for purposes of general transportation by the public, the mere fact that the injured user was engaged in recreational activity

within the park would not provide immunity. The dispositive feature of this sidewalk is its solitary purpose to serve *only* those attempting to enter or leave the ball park otherwise surrounded and enclosed by the racetrack.[1] Under these circumstances, the *Bystery* test for immunity is satisfied.

*By the Court.*—Judgment affirmed.

---

[1] While it is certainly conceivable that persons could use the sidewalk to enter the enclosed area for purposes other than recreational activity, sec. 895.52, Stats., would not apply and no immunity problem is presented.