Gregory JOHNSON, individually and as personal representative of the Estate of Jeremy Johnson, deceased, and Lu Ann Johnson, Plaintiffs-Appellants,†

v.

CITY OF DARLINGTON and Employers Mutual Casualty Co., a foreign insurance corporation, Defendants-Respondents.

Court of Appeals

*No. 90-1127. Submitted on briefs October 29, 1990.—Decided January 23, 1991.*

(Also reported in 466 N.W.2d 233.)

†Petition to review denied.

420

For plaintiffs-appellants, the cause was submitted on the briefs of *Mark L. Thomsen* and *Lynn R. Laufenberg* of *Cannon & Dunphy, S.C.* of Milwaukee.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Bradley D. Armstrong* and *Michael S. Anderson* of *Axley & Brynelson* of Madison.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.   Gregory and Lu Ann Johnson and the estate of Jeremy Johnson appeal a summary judgment dismissing their claim against the city of Darlington and Employers Mutual Insurance Company for negligence in the drowning death of Jeremy in the city's outdoor swimming pool. The trial court held that sec. 895.52, Stats., the recreational immunity statute, barred the Johnsons' complaint. The Johnsons argue that sec. 895.52 is inapplicable for several reasons and that the statute violates constitutional equal protection. We reject these arguments and affirm the judgment.

Eight-year-old Jeremy Johnson drowned while swimming in an outdoor pool owned and operated by the city of Darlington. At the time of the drowning, three lifeguards were on duty, none of whom were at their assigned stations. One was sitting on a stool in the northeast corner of the pool engaged in a conversation,

another was standing with her back to the north-side fence while conversing with friends outside the fenced-in pool area and the third was standing at the edge of the water on the southwest corner of the pool.

The pool has three lifeguard chairs and two lifeguard stations in the bathhouse. The lifeguards rotate stations every one-half hour. The pool area is enclosed by a fence, separating it from the surrounding park. Entrance to the pool is through a bathhouse, where an admission fee is charged.

This is a review of a summary judgment.[1] Summary judgment methodology has been described in many cases, such as *Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 314-17, 401 N.W.2d 816, 820-21 (1987), and we need not repeat it here. We review a summary judgment using the same methodology as the trial court, without deference to the trial court's decision. *Id.* at 315, 401 N.W.2d at 820. The application of a statute to a particular set of facts is a question of law we review de novo. *Shannon v. Shannon,* 150 Wis. 2d 434, 447, 442 N.W.2d 25, 31 (1989).

The Johnsons argue that Darlington is not entitled to immunity under sec. 895.52, Stats.,[2] because of the

---

[1] Darlington initially moved for judgment dismissing the Johnsons' complaint for failure to state a claim. The motion was converted to a motion for summary judgment when Darlington submitted an affidavit. *See Sauer v. Reliance Ins. Co.,* 152 Wis. 2d 234, 237, 448 N.W.2d 256, 258 (Ct. App. 1989); sec. 802.06(2), Stats.

[2] Section 895.52 provides in pertinent part:

**(2) No duty; immunity from liability.** (a) Except as provided in subs. (3) to (6), no owner and no officer, employe or agent of an owner owes to any person who enters the owner's property to engage in a recreational activity:

1. A duty to keep the property safe for recreational activities.

duty of care created by the Department of Health and Social Services' regulations governing safety at public pools. The department has adopted regulations governing safety at public swimming places, pursuant to sec. 140.05(1), (3) and (17)(a), Stats.[3] The applicable regulations setting out the minimum requirements for public swimming pools are found in Wis. Adm. Code sec. HSS 172 (May 1982). These regulations apply to Darlington's city pool.

The Johnsons contend that these regulations support a claim against the municipality, thus rendering sec. 895.52, Stats., inapplicable, citing *Bystery v. Village of*

---

2. A duty to inspect the property, except as provided under s. 23.115(2).

3. A duty to give warning of an unsafe condition, use or activity on the property.

(b) Except as provided in subs. (3) to (6), no owner and no officer, employe or agent of an owner is liable for any injury to, or any injury caused by, a person engaging in a recreational activity on the owner's property . . ..

[3]Section 140.05(1), (3) and (17)(a) provides in part:

(1) The department shall have general supervision throughout the state of the health and life of citizens . . .. The department shall possess all powers necessary to fulfill the duties prescribed in the statutes and to bring action in the courts for the enforcement of health laws and health rules.

. . ..

(3) The department shall have power to make and enforce such rules, regulations and orders governing the duties of all health officers and health boards, and relating to any subject matter under its supervision, as shall be necessary to provide efficient administration and to protect health, and any person violating such rule, regulation or order shall be fined not less than $10 nor more than $100 for each offense, unless penalty be specially provided.

. . ..

(17)(a) The department or a village, city or county granted agent status under s. 50.535(2) shall issue permits to and regulate . . . public swimming pools.

*Sauk City,* 146 Wis. 2d 247, 430 N.W.2d 611 (Ct. App. 1988).

The *Bystery* court held that a municipality is not immune under sec. 895.52, Stats., and may be liable to a recreational cyclist under sec. 81.15, Stats., the statute providing municipal liability for defects in sidewalks. *Bystery,* 146 Wis. 2d at 251, 430 N.W.2d at 613. The holding was grounded upon the language found in sec. 81.15 that states: "If damages happen to any person . . . by reason of . . . want of repairs of any highway . . . *the person sustaining the damages has a right to recover* . . .." (Emphasis added.) In contrast to *Bystery,* the regulations and statute here express no intent to create liability for damages.

■

Administrative regulations, as well as statutes, can form the basis of liability as safety statutes. *Larsen v. Wisconsin Power & Light Co.,* 120 Wis. 2d 508, 513 n.2, 355 N.W.2d 557, 560 n.2 (Ct. App. 1984). Courts, however, have tended to adopt administrative regulations as standards of conduct in tort actions less frequently than other legislative enactments. *Restatement (Second) of Torts* sec. 286 comment d (1965).

■ ■

A safety statute is a legislative enactment designed to protect a class of persons from a particular type of harm. *Walker v. Bignell,* 100 Wis. 2d 256, 268, 301 N.W.2d 447, 454 (1981). Even where the law imposes a duty to protect a particular class of persons from a particular hazard, Wisconsin requires that there be some expression of legislative intent that the enactment was meant to serve as a basis for determining a standard of care that will support a negligence suit. *Id.* at 269, 301 N.W.2d at 455.

Section 140.05(1) vests HSS with the power of "general supervision throughout the state of the health and life of citizens . . ." and sec. 140.05(3) gives the department the "power to make and enforce such rules, regulations and orders . . . relating to any subject matter under its supervision, as shall be necessary . . .." Neither these sections, nor any other provisions in ch. 140 or sec. HSS 172, express the requisite legislative intent that violation of the regulations is to become a basis for the imposition of civil liability. *See Wells v. C& NW Trans. Co.*, 91 Wis. 2d 565, 568–69, 283 N.W.2d 471, 473 (Ct. App. 1979) (held that violation of sec. 195.29(6), Stats., which imposes a duty upon owners of land adjacent to grade crossing to keep brush cut, is not negligence per se because the statute contained no indication that the legislature intended a violation to entail civil liability).

To the contrary, provisions in the regulations and statute lead us to the conclusion that the legislature intended the enforcement of HSS sec. 172 to be solely DHSS' responsibility. Section 140.05(3), Stats., sets out that "any person violating such rule, regulation or order shall be fined not less than $10 nor more than $100 for each offense . . .." Section HSS 172 includes an enforcement provision: violators of sec. HSS 172 will have their permit to operate a pool revoked or suspended. *See* Wis. Adm. Code sec. HSS 172.15 (May 1982). Accordingly, Darlington's alleged violation of sec. HSS 172 does not establish a standard of care whereby a violation serves as an independent basis for a negligence action.

The Johnsons also argue that sec. 895.52, Stats., does not provide Darlington immunity for its failure to train and supervise lifeguards because the statute pro-

vides immunity only from violations of the duties specifically enumerated, *i.e.:*

> 1. A duty to keep the property safe for recreational activities.
> 2. A duty to inspect the property . . ..

Section 895.52(2)(a)1, Stats. Subsection (1) excludes a duty to keep property safe for recreational activities. The plain meaning of this language excludes a duty to supervise properly trained lifeguards.

■

The Johnsons next contend that the excluded duties under sec. 895.52(2)(a), Stats., apply only to the "property per se." The argument that immunity is limited to injuries stemming only from the land itself has already been rejected in Wisconsin. *See Kruschke v. City of New Richmond,* 157 Wis. 2d 167, 171, 458 N.W.2d 832, 834 (Ct. App. 1990) (city immune from liability for injuries sustained while using park swing). Accordingly, immunity is not limited to injuries caused by defects in the pool itself, but applies to any injuries sustained during the use of the pool.

■ ■

The Johnsons also argue that Jeremy was not engaged in an *outdoor* recreational activity at the time of his drowning. They request that we construe the definition of "water sports" to include water activities that could only occur outdoors, such as swimming in a lake. We reject this distinction and hold that "water sports" includes swimming in an outdoor pool. This is consistent with the legislative intent to liberally construe the recreational immunity statute in favor of property owners to protect them from liability. *Taylor v. City of Appleton,* 147 Wis. 2d 644, 646, 433 N.W.2d 293, 294 (Ct. App. 1988); sec. 1, 1984 Wis. Act 418.

The Johnsons further invoke the exception for immunity when municipal property is used for "any event for which the owner charges an admission fee for spectators." Section 895.52(4)(a), Stats. Everyone who entered the Darlington pool was charged a fee. The Johnsons argue that because it can reasonably be inferred that swimmers sometimes sit or lay on the pool deck while observing pool activities and some may never actually swim at all, there is a question of fact as to whether Jeremy fell within the exception to immunity as a "spectator" within the meaning of the statute. We do not agree.

The plain meaning of sec. 895.52(4)(a), Stats., does not support the Johnsons' contention. We can refer to a recognized dictionary for the common and approved meaning of words. *State v. McCoy,* 143 Wis. 2d 274, 287, 421 N.W.2d 107, 111 (1988). The dictionary defines a "spectator" as "one who looks on or beholds; *esp:* one witnessing an exhibition (as a sports event)," *Webster's Third New Int'l Dictionary* 2188 (1976), and an "event" as "something that happens" or "a noteworthy occurrence or happening." *Id.* at 788. The plain meaning of the language "any event for which the owner charges an admission fee for spectators," sec. 895.52(4)(a), does not, as the Johnsons argue, include pool patrons who pay an admission fee to use Darlington's pool, are taking a break from swimming, resting next to the pool and generally observing the surrounding activities. Pool patrons are not "spectators" at an "event." Rather, sec. 895.52(4)(a), contemplates, for example, someone who pays to watch a swim meet or exhibition. Accordingly, no factual issue exists, and the sec. 895.52(4)(a) exception to immunity does not apply.

427

The Johnsons' final assertion is that application of sec. 895.52, Stats., violates their right to equal protection of the law because the statute would not apply to an indoor swimming pool. Whatever the merits of such an argument, the Johnsons did not give the requisite notice to the attorney general prior to attacking the constitutionality of a statute, and we cannot review this issue. *See Midwest Mut. Ins. Co. v. Nicolazzi,* 138 Wis. 2d 192, 202, 405 N.W.2d 732, 737 (Ct. App. 1987).

The Johnsons assert that since they do not contend that sec. 895.52, Stats., is facially unconstitutional, they were *not* required to notify the attorney general. The Johnsons cite no authority for this argument and we, in turn, reject it. In setting out the rule that notice of an attack on a statute's constitutionality is required in nondeclaratory actions, as well as declaratory judgment proceedings, the supreme court stated, "[w]e conclude that cogent reasons exist for the application of the service requirement in *all* cases involving constitutional challenges." *Kurtz v. City of Waukesha,* 91 Wis. 2d 103, 117, 280 N.W.2d 757, 764 (1979) (emphasis supplied).

*By the Court.*—Judgment affirmed.