Kathryn ESTRIDGE, Plaintiff-Appellant,

v.

CITY OF EAU CLAIRE, Wisconsin Municipal Mutual
Insurance Co., Defendants-Respondents,

EAU CLAIRE COUNTY DEPARTMENT OF
HUMAN SERVICES, Defendant.

Court of Appeals

*No. 91-1232. Submitted on briefs October 3, 1991.—Decided
December 27, 1991.*

(Also reported in 480 N.W.2d 513.)

On behalf of plaintiff-appellant, the cause was submitted on the briefs of *Charles Jordan* of *Jordan & Wachs* of Eau Claire.

On behalf of defendants-respondents, the cause was submitted on the brief of *Eric J. Wahl* of *Wiley, Wahl, Colbert, Norseng, Cray and Herrell, S.C.* of Eau Claire.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J. Kathryn Estridge appeals a summary judgment dismissing her personal injury action against the city of Eau Claire and its insurer on public policy grounds. Estridge was injured when she fell from her bicycle after being struck in the face by thorny branches that had overgrown the city sidewalk. The circuit court applied the public policy holdings of *Sanem v. Home Ins. Co.,* 119 Wis. 2d 530, 350 N.W.2d 89 (1984), exonerating a county from liability at common-law for allegedly negligent plowing of snow upon highway median strips, and *Walker v. Bignell,* 100 Wis. 2d 256, 301 N.W.2d 447 (1981), exonerating several municipalities from liability at common-law for their alleged negligent failure to cut roadside weeds so as to provide unob-

structed vision at intersections.[1] We agree that these decisions control the outcome here and affirm the summary judgment.

*Walker* first observed that Wisconsin case law recognizes that whether liability should be imposed in a given situation is a question of policy, even where the chain of causation between conduct and harm is complete and direct. *Id.* at 265, 301 N.W.2d at 453. The court then held as a matter of public policy that municipalities should not be exposed to common-law liability for the failure to cut vegetation, stating:

> Exposure to such liability would, we feel, place an unreasonable and unmanageable burden upon municipalities . . . not only in terms of keeping areas adjacent to every highway intersection clear of visual obstructions at whatever intervals are necessitated by the vicissitudes of Wisconsin's climate, but also in terms of the potential for significant financial liability . . ..

*Id.* at 266, 401 N.W.2d at 453.

Estridge would distinguish *Walker* on grounds that the accident here was caused by physical contact with the growth as opposed to a mere obstruction to vision. We fail to see the significance of such a distinction in

---

[1] *Walker* applied public policy to reject the plaintiff's argument based upon common-law negligence as well as the argument that either sec. 66.96(2), Stats., relating to noxious weeds, or sec. 81.15, Stats., relating to highway defects, were safety statutes giving rise to a civil damage claim. The court did reverse the summary judgment on other grounds not applicable here, holding that there was a potential claim for failing to cut vegetation along a highway where the growth was attributable to legislatively authorized beautification or erosion control programs. *Walker,* 100 Wis. 2d at 273, 301 N.W.2d at 456.

terms of the public policy underlying the *Walker* decision.

Estridge also relies upon *Bystery v. Village of Sauk City,* 146 Wis. 2d 247, 430 N.W.2d 611 (Ct. App. 1988), holding that a municipality may be held responsible for a bicyclist's injuries caused by improper sidewalk maintenance. That decision was grounded on a legislative safety statute, sec. 81.15, Stats., that declares municipalities liable for civil damages for failure to maintain highways.[2] "Highway," as used in sec. 81.15 includes sidewalks. *Webster v. Klug & Smith,* 81 Wis. 2d 334, 339, 260 N.W.2d 686, 689 (1978). The *Walker* decision, however, expressly rejected the extension of sec. 81.15 to impose upon municipalities a duty to cut roadside vegetation to assure unobstructed vision to the public. *Id.* at 258–59, 301 N.W.2d at 450.

Because immunity arises as the result of the public policy articulated in *Walker,* and because that case also holds that the legislature did not intend to impose liability through the enactment of sec. 81.15, Stats., the circuit court properly granted summary judgment. Because we reject Estridge's claim on the basis of the precedent established by *Walker,* it is unnecessary to address the

---

[2]Section 81.15, Stats., provides:

If damages happen to any person or his or her property by reason of the insufficiency or want of repairs of any highway which any town, city or village is bound to keep in repair, the person sustaining the damages has a right to recover the damages from the town, city or village.

city's argument that she failed to establish the element of duty on the part of the county.

*By the Court.*—Judgment affirmed.