Muriel CROWBRIDGE and Louis Crowbridge, Plaintiffs-Appellants,

v.

VILLAGE OF EGG HARBOR and Employers Insurance of Wausau, Defendants-Respondents.

Court of Appeals

*No. 93–1162–FT. Submitted on briefs September 13, 1993.—Decided October 5, 1993.*

(Also reported in 508 N.W.2d 15.)

565

On behalf of plaintiffs-appellants, the cause was submitted on the briefs of *Randall J. Nesbitt* of *Pinkert, Smith, Weir, Jinkins, Nesbitt & Hauser* of Sturgeon Bay.

On behalf of defendants-respondents, the cause was submitted on the brief of *Jennifer Lee Edmondson* of *Schuch & Stilp* of Appleton.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.   Muriel and Louis Crowbridge appeal a summary judgment dismissing their complaint against the Village of Egg Harbor.[1] The Crowbridges argue that facts in the record are insufficient to support granting summary judgment. Because a pier is not a sidewalk within the meaning of sec. 81.15, Stats., we conclude that it is property immune from liability under the recreational immunity statute, sec. 895.52, Stats. We therefore affirm.

On September 13, 1991, the Crowbridges went fishing on the municipal pier of the village of Egg Harbor. They did not pay any fee to use the pier. While walking on the pier, Muriel fell and injured herself on what they allege was a negligently constructed and maintained portion of the pier. The Crowbridges filed

---

[1] This is an expedited appeal under Rule 809.17, Stats.

suit, and Egg Harbor moved for summary judgment asserting the village was immune from liability under the Wisconsin recreational immunity statute, sec. 895.52, Stats. At the time the motion was filed, the village had not filed any affidavits explaining how the pier was used. The Crowbridges' attorney replied by filing an affidavit in which he alleged the primary purpose of the pier was to improve boaters' access to the village's fuel, water and sewage pump-out facilities and that boaters used the pier to go to and from their boats.[2] The affidavit further alleged that the pier is used by pedestrians and tourists for sightseeing and other recreational purposes. The circuit court concluded that the village was immune under sec. 895.52. The Crowbridges filed this appeal.

When reviewing a summary judgment, we apply the same methodology used by the trial court and decide the matter de novo. *In re J.L.H.*, 149 Wis. 2d 349, 354, 441 N.W.2d 273, 274 (Ct. App. 1989). The first step is to examine the pleadings to determine whether a claim for relief has been stated. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987). If a claim for relief has been stated, the inquiry shifts to whether any factual issues exist. *Id.* Summary judgment must be entered if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

---

[2] Section 802.08(3), Stats., requires affidavits to set out "evidentiary facts as would be admissible in evidence." The Crowbridges' attorney's hearsay affidavit would be inadmissible in evidence. However, because the village did not raise this objection in the circuit court, we consider it waived.

matter of law." Section 802.08(2), Stats. In testing the sufficiency of the complaint, the court takes all the facts pled by the plaintiff as true and only dismisses the complaint as legally insufficient if it is clear that under no circumstances could the plaintiff recover. *Green Spring Farms*, 136 Wis. 2d 304, 317, 401 N.W.2d 816, 821 (1987).

There is no dispute that the Crowbridges stated a claim for relief and that the answer alleges a defense of recreational immunity. The inquiry must therefore shift to whether there are any material facts in dispute and whether the village is entitled to summary judgment as a matter of law. Section 895.52, Stats., immunizes owners, including municipalities and villages, from liability for any injury to a person engaged in a recreational activity on the owner's property.[3] Both parties agree that Muriel was engaged in a recreational activity within the meaning of sec. 895.52 at the time of her injury. The village argues it is thus immune from liability for recreational activities undertaken on its property and entitled to judgment as a matter of law. The Crowbridges counter that the village is not immune under the exception to immunity announced

---

[3] Section 895.52(2)(a) states in part:

Except as provided in subs. (3) to (6), no owner and no officer, employe or agent of an owner owes to any person who enters the owner's property to engage in a recreational activity:
    1.  A duty to keep the property safe for recreational activities.
    2.  A duty to inspect the property, except as provided under s. 23.115(2).
    3.  A duty to give warning of an unsafe condition, use or activity on the property.

Section 895.52(1)(d)1 includes in the definition of owner "a governmental body or nonprofit organization, that owns, leases or occupies property."

in *Bystery v. Sauk City*, 146 Wis. 2d 247, 430 N.W.2d 611 (Ct. App. 1988).

In *Bystery*, we noted a municipality is not immune from liability under the recreational immunity statute when the injury occurs on a highway or sidewalk that, under sec. 81.15, Stats., it is bound to keep in repair.[4] *Bystery*, 146 Wis. 2d at 251, 430 N.W.2d at 613. We went on to hold that a municipality is immune from liability "for the insufficiency or want of repair of a highway or public sidewalk only when the municipality has withdrawn the highway or sidewalk from transportation uses, in whole or in part, has devoted the highway or sidewalk to recreational activities as defined in sec. 895.52(1)(g), and the claimed damages result from a recreational activity." *Id.* at 252, 430 N.W.2d at 613. Thus, the question is whether a pier for boats is a sidewalk that the village must maintain within the meaning of sec. 81.15. We conclude that it is not.

The Crowbridges argue that any place set out for pedestrian use by the public can be considered a sidewalk, and this includes a pier because it provides a means of transportation by boat users from boats to the land. Section 340.01(58), Stats., defines a sidewalk as "that portion of a highway between the curb lines, or the lateral lines of a roadway, and the adjacent prop-

---

[4] Section 81.15 states in part:

If damages happen to any person or his or her property by reason of the insufficiency or want of repairs of any highway which any town, city or village is bound to keep in repair, the person sustaining the damages has a right to recover the damages from the town, city or village.

This section includes sidewalks. *Bystery*, 146 Wis. 2d at 251, 430 N.W.2d at 613.

erty lines, *constructed for use of pedestrians*."
(Emphasis added.) This definition applies to sec. 23.33
and chs. 340-49, 351, Stats. Webster's Third New Int'l
Dictionary 2113 (unabr. 1976) defines "sidewalk" as "a
walk for foot passengers usu. at the side of a street or
roadway : foot pavement." A pier, on the other hand, is
defined in sec. 30.01(5), Stats., as "any structure
extending into navigable waters from the shore with
water on both sides, *built or maintained for the pur-
pose of providing a berth for watercraft or for loading or
unloading cargo or passengers onto or from watercraft*."
(Emphasis added.) Sidewalks and piers are thus con-
structed for different users; sidewalks are primarily
built for pedestrians while piers are primarily built for
the convenience of users of watercraft.

There may be some overlap in the uses that can be
made of sidewalks and piers. The Crowbridges cor-
rectly note that piers can be walked upon; in fact,
passengers loading or unloading from watercraft must
walk on a pier. Similarly, a sidewalk constructed at the
edge of the water could be used to unload passengers
from watercraft if the water were deep enough. How-
ever, many of the recreational activities covered under
sec. 895.52(1)(g), Stats., are undertaken while walking
or running and many of the buildings, structures and
improvements on property used for recreational activi-
ties are capable of being walked upon. Yet, the fact that
recreational facilities, including piers, can be walked
upon does not convert them into sidewalks.

Our interpretation is buttressed by the theory of
liability pled in this case. The Crowbridges seek to base
liability on the safe place statute, sec. 101.01, Stats.
Plaintiffs in many cases dealing with injuries occurring
on piers seek to base liability on this statute, and the

courts have recognized that a pier is a structure governed by that statute. *See Gould v. Allstar Ins. Co.*, 59 Wis. 2d 355, 208 N.W.2d 388 (1973); *Feirn v. Shorewood Hills*, 253 Wis. 418, 34 N.W.2d 107 (1948). Yet it is established that a public sidewalk is not a building or a place of employment subject to the safe place statute. *Buckley v. Park Bldg. Corp.*, 31 Wis. 626, 631, 143 N.W.2d 493, 495-96 (1966). Thus, the Crowbridges would have us view the pier as a building for the purpose of their safe place claim, while simultaneously viewing it as a sidewalk for the purpose of avoiding recreational immunity. We do not view it as two different structures, but rather agree with past courts who held a pier to constitute a structure within the meaning of the safe place statute.[5]

■

Holding that a pier is property that is immune under the recreational immunity statute is consistent with the statute's legislative intent. The intent of sec. 895.52, Stats., is to encourage landowners to open up their land for recreational activity. *Ervin v. Kenosha*, 159 Wis. 2d 464, 475, 464 N.W.2d 654, 658-59 (1991). In *Ervin*, the parents of two children who drowned at a city-owned beach argued that the recreational immunity statute should not apply. They argued that the city was actively negligent in hiring and training the lifeguards and also assumed a duty to provide non-negligent lifeguards when it gratuitously provided lifeguards. The court rejected an "active negligence" and

---

[5] We note, however, that in *Strong v. Wisconsin Chapter of Delta Upsilon*, 125 Wis. 2d 107, 108, 370 N.W.2d 285, 286 (Ct. App. 1985), this court held that sec. 29.68 , Stats. (1981-82), the predecessor to sec. 895.52, Stats., barred actions for injuries occurring on a pier based on common-law negligence and safe place.

"gratuitous acts" exception, noting that these exceptions would discourage the provision of services and construction of facilities, such as piers, which the statute was meant to encourage. *Id.* at 477, 464 N.W.2d at 660. Declaring a pier to be a sidewalk would similarly discourage the construction of the very type of facilities sec. 895.52 was designed to promote.

Thus, for these reasons, we conclude that a pier is not a sidewalk that must be maintained within the meaning of sec. 81.15, Stats., but is immune under sec. 895.52, Stats., as the very type of property that statute sought to encourage.

*By the Court.*—Judgment affirmed.