John GROGAN, Joan Huegel, James Radtke and Christina Washington, Plaintiffs-Appellants,

v.

PUBLIC SERVICE COMMISSION OF WISCONSIN, Defendant-Respondent.†

Court of Appeals

*No. 81–1947. Submitted on briefs May 13, 1982.— Decided September 22, 1982.*
(Also reported in 325 N.W.2d 82.)

† Petition to review denied.

For the plaintiffs-appellants the cause was submitted on the briefs of *William A. Denny* and *Terry J. Booth,* and *Denny, Yanisch & Binder* of Milwaukee.

For the defendant-respondent the cause was submitted on the brief of *Steven M. Schur,* chief counsel, and *Steven Levine,* assistant chief counsel, Public Service Commission of Wisconsin.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

GARTZKE, P.J.    Plaintiffs use outdoor natural gas lights to illuminate their homes. They seek a declaratory judgment invalidating the Public Service Commission's rules prohibiting the supply, and thus the use, of natural gas for outdoor residential lighting and an order restraining the commission from enforcing the rules. Plaintiffs assert that the commission lacks authority to apply the challenged rules to gas lights in use before the effective date of the rules and that the rules are unconstitutional.[1]

The trial court found that plaintiffs own gas lights which they operated before the effective date of the challenged rules but concluded that the rules are valid and entered judgment so declaring. We conclude that the commission lacks authority to prohibit supplying natural gas to lights "ordered and received" before the effective date of the commission's rule specifying gas lights as a nonessential use. We therefore reverse.

---

[1] The amended complaint attacks generally the validity of secs. PSC 136.01, 136.02, 136.03, 136.10 and 134.062(2)(e), Wis. Admin. Code. Plaintiffs' brief on appeal does not challenge secs. PSC 136.01 and 136.03 specifically. Except for their equal protection argument, plaintiffs' challenge is limited to the validity of the rules as applied to lights in use before the effective date of the rules.

The rule prohibiting supplying natural gas for plaintiffs' lights is sec. PSC 136.02(4), Wis. Admin. Code, adopted October 19, 1979, and effective November 1, 1979, which provides in relevant part:

(4) GENERAL PROHIBITION ON SALE OF NATURAL GAS FOR USE IN OUTDOOR LIGHTING. (a) *Prohibition.* No local distribution company shall supply natural gas for use in outdoor lighting.

(b) *Effective dates* . . . .

. . . .

4. In the case of any outdoor lighting fixture used in connection with a residence to which natural gas was being supplied by the local distribution company for outdoor lighting use on November 9, 1978, the prohibition stated in par. (a) of this section shall be effective January 1, 1981.

Under secs. PSC 134.062(2)(e) and 136.10, Wis. Admin. Code, the continued use of a natural gas light in violation of sec. PSC 136.02 constitutes grounds for which a utility may disconnect gas service to a customer.

We do not decide constitutional issues if the resolution of other issues can dispose of an appeal. *Kollasch v. Adamany,* 104 Wis. 2d 552, 561, 313 N.W.2d 47, 51 (1981). Accordingly, we first examine the commission's authority to prohibit plaintiffs' continued use of their outdoor natural gas lights. If the commission lacks that authority, the constitutional issues are moot.

An administrative agency possesses only so much power as is expressly conferred or necessarily implied from the statutes under which it operates. *Brown County v. H&SS Department,* 103 Wis. 2d 37, 48, 307 N.W.2d 247, 252 (1981). The nature and scope of an agency's authority is therefore a matter of statutory interpretation or construction. An appellate court need not defer to the trial court on matters involving the meaning of statutes. *Engineers & Scientists v. Milwau-*

*kee,* 38 Wis. 2d 550, 554, 157 N.W.2d 572, 574 (1968).

Plaintiffs contend the commission's statutory authority is derived solely from sec. 196.97, Stats.,[2] which provides in relevant part:

(1) No gas utility doing business in this state or other person may install, connect or cause to be installed or connected to the distribution system *any device which constitutes a nonessential use of natural gas, unless such devices have been ordered and received by any person prior to the effective date of each rule specifying a non-essential use of natural gas under sub. (2),* including item inventories held by retailers or wholesalers.

(2) The commission shall, by rule, specify criteria for determining a nonessential use of natural gas for purposes of this section. *The commission shall, by rule, specify each nonessential use of natural gas under this section.* . . .

(3) The commission may make rules as it deems necessary to carry out the purposes of and to enforce this section. The commission shall provide for exemptions for nonessential uses of natural gas for reasons of health, safety or unusual hardship. (Emphasis added.)

The commission asserts that when adopting the challenged rules, it relied upon general grants of authority in secs. 196.03, 196.20, 196.26(1), 196.37(2) and 196.62, Stats.,[3] rather than proceeding under sec. 196.97. The

---

[2] Section 196.97, Stats., was created by sec. 2, ch. 369, Laws of 1977, and amended in particulars not relevant to this appeal by secs. 32 and 33, ch. 154, Laws of 1979.

[3] Section 196.03(1), Stats., requires utilities "to furnish reasonably adequate service and facilities." Section 196.20 authorizes the commission to regulate utility rates. Section 196.26(1) (repealed and recreated by secs. 6–11, ch. 148, Laws of 1981, subsequent to the commencement of this lawsuit) authorizes the commission to investigate complaints against a utility charging that a "practice or act affecting or relating to the production, transmission, delivery or furnishing of heat, light, water or power or any service in connection therewith . . . is in any respect unreasonable, insufficient or unjustly discriminatory, or that any service

commission contends that its general authority permits it to regulate the use of natural gas for conservation purposes. It finds judicial recognition of that authority in *Wisconsin's Environmental Decade, Inc. v. PSC,* 69 Wis. 2d 1, 16, 230 N.W.2d 243, 251 (1975).

We conclude that the commission relied at least in part on sec. 196.97, Stats., when it adopted the rule prohibiting the supply of natural gas for appellants' lights, sec. PSC 136.02(4), Wis. Admin. Code.[4] Because, however, the commission referred to "ch. 196 in general" in its order adopting the challenged rules, we decide this appeal on the assumption that the commission relied solely on general statutory authority rather than on sec. 196.97.

The statutes relied on by the commission for a general grant of authority to regulate for conservation purposes have been broadly described as cloaking the commission with "power to regulate so that the rules and practices of the utilities do not render service inadequate or insufficient." *Wisconsin's Environmental Decade,* 69 Wis. 2d at 16, 230 N.W.2d at 251. We need not decide whether that power allows the commission to regulate generally for conservation goals. We simply make the additional

is inadequate or cannot be obtained . . . ." Section 196.37(2) authorizes the commission to fix reasonable acts, practices or service to be furnished by utilities. Section 196.62 prohibits a utility from subjecting persons to unreasonable prejudice or disadvantage.

[4] Chapter PSC 136, Wis. Admin. Code, entitled, "Gas Conservation," was adopted by an emergency order of the commission October 19, 1979. The order states that the commission adopts secs. PSC 136.01, 136.02, 136.03, 136.10 and 134.06(2)(e), pursuant to ch. 196, Stats., in general and secs. 196.37(2) and 227.014 (2)(a) and 10 C.F.R., part 516 *et seq.* However, sec. PSC 136.01 (1) as adopted by that order provides, "Chapter PSC 136, Wis. Adm. Code, constitutes a general order of the Public Service Commission, authorized by s. 227.014 *and 196.97,* Wis. *Stats.*" (Emphasis added.)

assumption that the commission correctly asserts that secs. 196.03, 196.20, 196.26(1), 196.37(2) and 196.62, Stats., authorize it generally to regulate natural gas usage for conservation purposes.

The commission's authority to regulate for conservation purposes must be implied, for nowhere in secs. 196.03, 196.20, 196.26(1), 196.37(2) and 196.62, Stats., is the commission expressly granted that power. Section 196.97, on the other hand, is a specific grant of authority. That grant conflicts with the implied general authority we assume the commission possesses. Under sec. 196.97 (1) a gas utility may lawfully connect devices which constitute nonessential uses if the device was ordered and received before the effective date of a commission rule specifying the particular use as nonessential. This express statutory limitation on the power of the commission to prohibit an act by a gas utility conflicts with the general authority relied on.

If a specific statutory grant of authority to a state agency conflicts with a more general grant to the agency, the specific statute controls. *Martineau v. State Conservation Commission*, 46 Wis. 2d 443, 449, 175 N.W.2d 206, 209 (1970). This is especially true when, as here, the specific grant occurs after the general grant.[5] *Id.* See also *Sigma Tau Gamma Fraternity House v. Menomonie*, 93 Wis. 2d 392, 402, 288 N.W.2d 85, 89 (1980) (rule applied to grant by state of condemnation authority to a municipal corporation).

The commission contends that a specific statutory grant prevails over a general grant only if an irreconcil-

---

[5] The statutes relied on by the commission existed when *Wisconsin's Environmental Decade, Inc. v. PSC*, 69 Wis. 2d 1, 230 N.W.2d 243 (1975), was decided in 1975, whereas sec. 196.97, Stats., was created effective May 19, 1978. *See* legislative history in n. 2, *supra.*

able conflict exists between the grants. *Peterson v. Natural Resources Board,* 94 Wis. 2d 587, 597, 288 N.W. 2d 845, 850 (1980), so held.

Because, however, we must resolve doubts regarding implied powers against the existence of such powers, *State (Dept. of Admin.) v. ILHR Dept.,* 77 Wis. 2d 126, 136, 252 N.W.2d 353, 357–58 (1977), we conclude that the "irreconcilable conflict" requirement does not apply if the conflict is between an express specific grant and an implied general grant of authority. In the absence of strong evidence indicating a contrary legislative intent, it would be anomalous to imply general power to do that which the legislature has expressly and specifically forbidden.

We conclude that the implied general authority of the commission to regulate for conservation purposes, which we assume exists, is limited by the express provisions of sec. 196.97, Stats. We therefore turn to the question whether sec. PSC 136.02(4), Wis. Admin. Code, complies with sec. 196.97.

Under sec. 196.97(2), Stats., the commission is required "by rule [to] specify each nonessential use of natural gas" *before* it can prohibit the installation or connection of devices constituting nonessential uses. That precondition to the exercise of its authority is implicit in subsecs. (1) and (2). "Every administrative agency must conform precisely to the statutes from which it derives power." Mid-Plains Telephone v. PSC, 56 Wis. 2d 780, 786, 202 N.W.2d 907, 910 (1973).

The commission specified outdoor natural gas lighting as a nonessential use when it adopted sec. PSC 136.05(3)(a), Wis. Admin. Code, effective March 1, 1980. Because it is undisputed that plaintiffs' lights were installed and used before that date, their lights were lawfully connected to the distribution system under the express terms

of sec. 196.97(1), Stats.[6] Accordingly, the commission lacks authority to apply the prohibition on the supply of natural gas for use in outdoor lights contained in sec. PSC 136.02(4) against the plaintiffs.

Emphasizing that sec. 196.97, Stats., is directed against "nonessential" uses of natural gas, the commission contends the statute does not prevent it from prohibiting gas lights as a useless wasteful dissipation of the state's natural gas supply. We reject the contention. The commission has not prohibited gas lights because they are "wasteful."

The commission gave notice of the proposed rule prohibiting gas lighting, stating the rule was to minimize the effects of "inefficient and/or wasteful use of energy." The commission made milder findings of fact to support its order promulgating ch. PSC 136, Wis. Admin. Code. The commission found only that the use of gas for lights is "inefficient."

Finding lack of authority to prohibit the supply and use of natural gas to plaintiffs for their residential lights, we do not reach the constitutional issues raised by plaintiffs.

*By the Court.*—Judgment reversed and cause remanded with directions to enter judgment declaring sec. PSC

[6] It is undisputed that plaintiffs' lights were in use before October 19, 1979. Plaintiffs incorrectly assume that the effective date of sec. PSC 136.02(4)(b)4, Wis. Admin. Code, was the date of its adoption as an emergency order, October 19, 1979. We first note that the effective date of an emergency order, under sec. 227.027(1), Stats. 1979–80, is the date of its publication in the official state paper, which occurred November 1, 1979. The effective date of the emergency order was, therefore, November 1, 1979, despite a statement in Wis. Admin. Reg. No. 287, November 1979, that the emergency rules "were effective November 2, 1979." However, because the commission did not acquire statutory authority to ban nonessential uses of natural gas until the effective date of sec. PSC 136.05, it is the effective date of the latter rule which is controlling.

136.02(4)(b)4, Wis. Admin. Code, invalid insofar as it prohibits the supply of natural gas for outdoor residential lighting for plaintiffs' gas lights ordered and received prior to March 1, 1980, and to determine whether an order should be entered restraining the commission from enforcing secs. PSC 134.062(2)(e) and 136.10, Wis. Admin. Code.