GTE NORTH INCORPORATED, Petitioner-Appellant-Cross Respondent,

v.

PUBLIC SERVICE COMMISSION OF WISCONSIN, Respondent-Respondent-Cross Appellant-Petitioner.

Supreme Court

*No. 91–0552. Oral argument April 27, 1993.—Decided June 3, 1993.*

(Also reported in 500 N.W.2d 284.)

560

For the respondent-respondent-cross appellant-petitioner there were briefs and oral argument by *Steven M. Schur*, chief counsel.

For the petitioner-appellant-cross respondent there was a brief by *David E. Hightower*, Bloomington,

IL and *Thomas Terwilliger*, Wausau and oral argument by *Mr. Hightower*.

WILLIAM A BABLITCH. J. The only issue before this court is whether the Wisconsin Public Service Commission (PSC) has the statutory authority to order a refund of compensation collected by a utility in violation of its filed tariffs. The court of appeals held that the PSC does not have this authority. We conclude that the statutes, supported by public policy, compel an opposite result. Accordingly, we reverse.

The procedural history of this case is complicated and lengthy. Mercifully, for purposes of our review only a brief recitation of the history is necessary. This case arose from a dispute concerning the legality of certain contracts entered into between GTE North Incorporated (GTE) and Harold Mohr (Mohr), whereby GTE provided time and temperature announcement services to Mohr. The PSC concluded that GTE's contracts with Mohr were unlawful because they were not authorized by tariff and therefore were in violation of the filed rate doctrine. *See* secs. 196.19, 196.22, 196.604, and 196.60, Stats., below.[1] The PSC ordered GTE to refund payments made by Mohr under the con-

---

[1] Section 196.19(1), Stats., provides that GTE, as a public utility, must file with the PSC "schedules showing all rates, tolls and charges which it has established and which are in force at the time for any service performed. . . ." It must also file all rules and regulations that in any manner affect its services, products or rates. Section 196.19(2). These filed documents are known as tariffs. *General Tel. Co. v. Auto-Owners Ins.,* 140 Wis. 2d 10, 20 n.6, 409 N.W. N.W.2d 133 (1987).

Sections 196.22, 196.60, and 196.604, Stats., provide statutory authority mandating that utilities may obtain only compensation that is specified in its tariffs:

tracts. The PSC now appeals that portion of a court of appeals' decision which held that the PSC does not have the authority to order a refund of compensation collected by a utility in violation of its filed tariffs. The court of appeals also concluded that the PSC did not sufficiently explain why it concluded that GTE's contracts with Mohr were not authorized under GTE's "Special Equipment or Special Assemblies of Equipment" tariff. The court of appeals remanded on that issue. However, for purposes of the resolution of the issue before us, we must assume that GTE's contracts with Mohr were not authorized by tariff.

**196.22 Discrimination forbidden.** No public utility may charge, demand, collect or receive more or less compensation for any service performed by it within the state, or for any service in connection therewith, than is specified in the schedules for the service filed under s. 196.19, including schedules of joint rates, as may at the time be in force, or demand, collect or receive any rate, toll or charge not specified in the schedule.

**196.60 Discrimination prohibited; penalty.** (1)(a) Except as provided under sub. (2), no public utility and no agent, as defined in s. 196.66(3)(a), or officer of a public utility, directly or indirectly, may charge, demand, collect or receive from any person more or less compensation for any service rendered or to be rendered by it in or affecting or relating to the production, transmission, delivery or furnishing of heat, light, water, telecommunications service or power or for any service in connection therewith, then that prescribe in the published schedules or tariffs then in force, or established under this chapter, or than it charges, demands, collects or receives from any other person for a like contemporaneous service.

**196.604 Rebates, concessions and discriminations unlawful.** No person may knowingly solicit, accept or receive any rebate, concession or discrimination from a public utility for any service in or affecting or relating to the production, transmission, delivery or furnishing of heat, light, water or power or the conveying of telephone messages within this state or for any connected service whereby the service is rendered or is to be rendered free or at a rate less than the rate named in the schedules and tariffs in force, or whereby any other service or advantage is received.

Decisions of an agency which deal with the scope of the agency's own power are not binding on this court. *Wis. Environmental Decade v. Public Service Comm.*, 81 Wis. 2d 344, 351, 260 N.W.2d 712 (1978). "The commission is an administrative body created by the legislature. Its powers are limited by the statutes conferring such power expressly or by fair implication." *Mid-Plains Telephone v. Public Serv. Comm.*, 56 Wis. 2d 780, 786, 202 N.W.2d 907 (1973). Thus, the nature and scope of the PSC's authority is a matter of statutory interpretation or construction. *Grogan v. Public Service Commission*, 109 Wis. 2d 75, 77, 325 N.W.2d 82 (1982). We need not defer to the lower courts on matters involving the meaning of statutes. *Id.*

The arguments of the parties in this case center around the meaning of two statutory sections in chapter 196 of the Wisconsin statutes, secs. 196.02 and 196.37(2), Stats. These sections provide respectively in relevant part:

> **196.02 Commission's powers.** (1) Jurisdiction. The commission has jurisdiction to supervise and regulate every public utility in this state and to do all things necessary and convenient to its jurisdiction.

> **196.37(2)** If the commission finds that any measurement, regulation, practice, act or service is unjust, unreasonable, insufficient, preferential, unjustly discriminatory or otherwise unreasonable or unlawful, or that any service is inadequate, or that any service which reasonably can be demanded cannot be obtained, the commission shall determine and make any just and reasonable order relating to a measurement, regulation, practice, act or service

to be furnished, imposed, observed and followed in the future.

GTE argues that neither statutory section gives the PSC explicit or implicit authority to issue a refund of compensation collected by a utility in violation of its filed tariffs. Specifically, GTE contends that sec. 196.37(2)'s phrase "in the future" places a limitation on the PSC's power to formulate only prospective remedies. Thus, according to GTE, the PSC may order future changes in utility charges, practices, acts or services, but may not order remedies, such as refunds, for past charges, practices, acts or services that are now determined to have been unlawful.

In addition, GTE asserts that sec. 196.02(1), Stats., cannot be used to confer on the PSC the authority to order a refund because its general plenary language is restricted by the more specific language of sec. 196.37(2). In support of this contention, GTE cites case law holding that if a specific statutory grant of authority to a state agency conflicts with a more general grant, the specific statute controls. *See, e.g., Martineau v. State Conservation Comm.,* 46 Wis. 2d 443, 449, 175 N.W.2d 206, (1970). GTE insists that the specific language of sec. 196.37 places a limit on the PSC's authority whereby the PSC can order only prospective remedies, and thus sec. 196.37(2) controls over any broad and general grant of power found in sec. 196.02. We do not agree with GTE's contentions concerning sec. 196.37(2).

"The cardinal rule in all statutory interpretation, as this court has often said, is to discern the intent of the legislature." *Scott v. First State Ins. Co.,* 155 Wis. 2d 608, 612, 456 N.W.2d 152 (1990). This court ascertains that intent by examining the language of the

statute and the scope, history, context, subject matter and purpose of the statute. *Id.* In addition, we must presume that the legislature intended an interpretation that advances the purposes of the statute. *State v. Zielke,* 137 Wis. 2d 39, 46, 403 N.W.2d 427 (1987).

Until 1983, section 196.37(2), Stats., provided:

> **(2)** Whenever the commission shall find any regulations, measurements, practices, acts or service to be unjust, unreasonable, insufficient, preferential, unjustly discriminatory or otherwise unreasonable or unlawful, or shall find that any service is inadequate, or that any service which can be reasonably demanded cannot be obtained, the commission shall determine and by order fix reasonable measurements, regulations, acts, practices or service to be furnished, imposed, observed and followed in the future in lieu of those found to be unreasonable, inadequate or otherwise unlawful, *and shall make such other order respecting such measurement, regulation, act, practice or service as shall be just and reasonable. See* 1983 Wis. Laws, 1983 Wis. Act 53 p. 747–748 (emphasis added).

The emphasized statutory language conferred upon the PSC the authority to make any just and reasonable order regarding a "measurement, regulation, act, practice or service, . . ." in addition to its separate authority to make an order determining "reasonable measurements, regulations, acts, practices or service to be . . . observed and followed in the future. . . ." This separate authorizing clause, which is not modified by the phrase "in the future," was removed by 1983 Wis. Act 53. However, as the Act itself notes, it was not intended to make any substantive changes in the law: "The legislature does not intend to make any substantive change in the law treated by this act." 1983 Wis. Laws, Section 1 Wis.

566

Act 53. Thus, according to the PSC, under the current sec. 196.37(2) the PSC's order requiring GTE to refund compensation collected by it for providing an untariffed service is authorized by the statute because the order is a just and reasonable order regarding a "measurement, regulation, act, practice or service." We find this reasoning persuasive.

■

The only possible interpretation of the former wording of sec. 196.37(2), Stats., which gives effect to the words "and shall make such other order respecting such measurement, regulation, act, practice or service as shall be just and reasonable," is that the power conferred by that language is in addition to the power to make an order to be followed in the future. Because the changes made in 1983 Wis. Act 53 were to be nonsubstantive, the term "in the future" in the current statute cannot be read as a limitation on the PSC's authority to order a refund in this case because no such limitation existed in the prior language of the statute. An interpretation establishing such a limitation would be contrary to the legislature's directive that the revision make no substantive changes. Thus, we conclude that sec. 196.37(2) confers upon the PSC the authority to order a refund in this case because such an order is a just and reasonable order regarding a "measurement, regulation, act, practice or service".

Having concluded that sec. 196.37(2), Stats., confers upon the PSC the authority to issue a refund in this case, we need not address the meaning of sec. 196.02.

■

In addition to the language and the history of the statute, the public policy behind chapter 196, Stats., further convinces us that the legislature intended that

567

the PSC have the authority to order a refund of compensation collected by a utility in violation of its filed tariffs. We must presume a legislative intent that advances the purposes of the statute. *Zielke,* 137 Wis. 2d at 46. The primary purpose of the public utility laws in this state is the protection of the consuming public. *Wis. Environmental Decade,* 81 Wis. 2d at 351. Placing authority in the PSC to order refunds in cases where a utility is in violation of its filed tariffs furthers this public policy.

If the PSC has the authority to order a refund of compensation collected by a utility in violation of its filed tariffs, consumers can utilize often speedy and informal PSC proceedings as a means of recovering monies to which they may be entitled. On the contrary, if no such authority exists in the PSC, consumers who believe that they are due a refund will have to hire attorneys and spend burdensome and costly time in circuit court attempting to obtain a remedy. In many cases, bringing a circuit court action will be impossible or impractical for the consumer because the amount of money owed, although important to the individual consumer, will be too little to expend the time and money needed to successfully complete a circuit court action.

In addition, unlike circuit courts, the PSC is likely to enforce its determinations across-the-board to other consumers. In other words, if one consumer comes to the PSC and the PSC determines that the consumer is due a refund from a utility because the utility has received money for providing an untariffed service or charged more for a service than its filed tariff allows, the PSC is likely to enforce the refund across-the-board to other consumers who were affected by the overcharge or the untariffed service. However, if each individual consumer has to bring an action in court to

obtain a refund, it is unlikely that each consumer entitled to money back will do so. Thus, consumers are better protected from overcharges and charges for untariffed services if the PSC has the authority to remedy unlawful acts through a refund power.

█

Moreover, sec. 196.37(2), Stats., is a remedial statute and it must therefore be liberally construed to effect as reasonably as possible its beneficent purpose. *Link Industries, Inc. v. LIRC*, 141 Wis. 2d 551, 555, 415 N.W.2d 574 (1987). Chapter 196 is aimed at remedying utility price discrimination. Allowing the PSC to order refunds in cases where utilities have provided untariffed services or charged a rate higher than its tariffed rate furthers this goal by allowing the PSC to control price discrimination through strict application of the filed rate doctrine.

█

Section 196.22, Stats., is a statutory expression of the filed rate doctrine. The doctrine generally forbids a regulated utility to charge rates for its services other than those properly filed with the appropriate regulatory authority:

> **196.22 Discrimination forbidden.** No public utility may charge, demand, collect or receive more or less compensation for any service performed by it within the state, or for any service in connection therewith, than is specified in the schedules for the service filed under s. 196.19, including schedules of joint rates, as may at the time be in force, or demand, collect or receive any rate, toll or charge not specified in the schedule.[2]

---

[2] The wording of sec. 196.22, Stats., as it existed at the time that the contracts in this case were written and the charges

This court has held that the receipt of compensation by a utility that is either greater or lesser than the filed rate is an unlawful act. *Wisconsin P.&L. Co. v. Berlin Tanning & Mfg. Co.,* 275 Wis. 554, 559 (1957). Likewise, if the service provided for in this case was not tariffed, GTE had no authority to charge any money, and violated the filed rate doctrine by receiving monies for services other than those properly filed with the appropriate regulatory authority. Allowing the PSC to order a refund in this case thus furthers the goals of the statute by allowing the PSC to control price discrimination through strict application of the filed rate doctrine.

For the reasons set forth above, we conclude that the PSC has the authority to order a refund of compensation collected by a utility in violation of its filed tariffs.

*By the Court.*—The decision of the court of appeals is reversed.

collected, was modified to its current form quoted above. As noted earlier, the changes were not intended to have any substantive effect.