TOWN OF BELOIT, a body corporate and politic, Petitioner-Respondent,

v.

PUBLIC SERVICE COMMISSION OF WISCONSIN, Respondent-Appellant,

CITY OF BELOIT, a Wisconsin municipal corporation, Respondent-Respondent.

Court of Appeals

*No. 93–2148. Submitted on briefs October 29, 1993.—Decided December 2, 1993.*

(Also reported in 510 N.W.2d 140.)

For the respondent-appellant the cause was submitted on the briefs of *Steven Levine* of the *Public Service Commission of Wisconsin* of Madison.

611

For the petitioner-respondent the cause was submitted on the brief of *Kenneth W. Forbeck* of *Forbeck & Monahan, S.C.*, of Beloit.

Before Eich, C.J., Dykman and Sundby, JJ.

EICH, C.J. The Public Service Commission appeals from an order directing it to determine the value of the Town of Beloit sewerage system under sec. 66.03(4), Stats.

Section 66.03, Stats., provides a method of valuing and apportioning municipal "assets and liabilities" located in areas annexed to another municipality. Section 66.03(4), which deals with "public utilities" located in the annexed territory, states that where the value of such plant cannot be agreed upon by the annexed and annexing entities, it "shall be determined and fixed by the public service commission . . . ."

The issue we are called upon to decide in this case is whether a municipal sewerage system is a "public utility" within the meaning of sec. 66.03(4), Stats. We conclude that it is not, and we therefore reverse the order.

The facts are not in dispute. The Town of Beloit and the City of Beloit were engaged in annexation litigation involving the apportionment of assets and liabilities between the two municipalities. The town operates a municipal sewerage system and because the town and the city apparently could not agree on the value of the system's plant and facilities in the annexed area, the court in which the annexation dispute was proceeding directed the commission to determine the value under sec. 66.03(4), Stats. The commission declined to do so, explaining that, because municipally owned sewerage systems are not included in the defini-

tion of "public utilit[ies]" in the statutes setting forth the commission's regulatory authority, it had no jurisdiction to act in the matter.

The town sought judicial review in circuit court and the court ruled that the sewerage system was a public utility within the meaning of sec. 66.03(4), Stats. The commission appeals.

■■■■

We often defer to administrative agencies' interpretations of laws they are charged to administer. In this case, however, the commission was interpreting a statute relating to its own powers and responsibilities. In such a situation, the issue is one of law and "[w]e give no deference to the decision of an agency regarding its own powers." *GTE North Inc. v. Public Serv. Comm'n*, 176 Wis. 2d 559, 564, 500 N.W.2d 284, 286 (1993).

Section 66.03(4), Stats., provides in pertinent part as follows:

> Any public utility plant, including any dam, power house, power transmission line and other structures and property operated and used in connection therewith shall belong to the municipality in which the major portion of the patrons of such utility reside. The value of such utility, unless fixed by agreement of all parties interested shall be determined and fixed by the public service commission . . . .

The statute does not define the term "public utility," although, as the commission notes, the examples of what is included in the term — dams, power houses and transmission lines — are all properties associated with electric utilities.

Chapter 196, Stats., gives the commission broad authority to regulate public utilities. Section 196.01(5),

Stats., defines a "public utility" generally as any person or enterprise engaged in the production or transmission of heat, light, water or power, natural gas or telecommunications services. The statute then states: " 'Public utility' includes . . . any person, *except a governmental unit*, who furnishes services by means of a sewerage system . . . to or for the public." (Emphasis added.)

Thus, municipal sewerage systems are specifically excepted from the definition of "public utility" in ch. 196, Stats., and therefore are not regulated by the commission. *Kimberly-Clark Corp. v. Public Serv. Comm'n*, 110 Wis. 2d 455, 460, 329 N.W.2d 143, 146 (1983).

The town concedes that the commission has no regulatory authority over municipal sewerage systems. It argues, however, that definitions of "public utility" appearing elsewhere in ch. 66, Stats. — notably in sec. 66.076(2), Stats. — define the term to include a sewerage system; and it contends that that definition should control. Section 66.076(2) reads in part: "The term 'public utility' as used in s. 66.066 shall for this purpose include the sewerage system, accessories, equipment and other property, including land." The town does not argue the point further, other than to state that "while this definition is not directly on point . . . it is at least contained in [ch.] 66 involving municipal law."

But the definition in sec. 66.076(2), Stats., is, as the commission points out, specifically limited to sec. 66.066, Stats.; there is no reference to the annexation and valuation provisions of sec. 66.03, Stats. Moreover, secs. 66.066 and 66.076(2) have nothing to do with annexation; they concern the financing of public improvements by municipalities, an activity that does

not involve the public service commission, or the issues in this case, in any way. As a result, sec. 66.076(2) does not advance the town's argument to any appreciable degree.[1]

Nor are we persuaded by the town's suggestion that the "common sense" definition of public utility is, simply, "a 'utility' which serves the 'public[,]' namely, the citizens of the Town of Beloit," and that a sewerage system fits that definition. Rather, we agree with the commission that the definition of the term in sec. 196.01(5), Stats., is the only one that makes sense.

Section 196.01, Stats., defines the relationship between the public service commission and public utilities; it is that relationship which gives the commission the familiarity and expertise necessary to value utility facilities. For example, all entities defined as public utilities under ch. 196, Stats., must comply with the Uniform System of Accounts for Public Utilities, as

---

[1] The town suggests that sewerage systems are considered "public utilities" in other sections of ch. 66, Stats. Rather than arguing the point in its brief, however, the town simply refers us to a trial court brief filed by another party (the City of Beloit) for "a good argument . . ., which goes into some detail regarding other definitions of a public utility contained in the statutory law of the State of Wisconsin," and "recommend[s] that [we] review this argument . . . ."

The rules of this court require arguments in the parties' briefs "to contain the contention[s] of the [party and] the reasons therefor, with citations to the authorities . . . relied on . . . ." Rules 809.19(1)(e) and 809.19(3), Stats. And we have often held that "where a party fails to comply with the rule, 'this court will refuse to consider such an argument . . . .' " *Tam v. Luk,* 154 Wis. 2d 282, 291 n.5, 453 N.W.2d 158, 162 (Ct. App. 1990) (quoting *State v. Shaffer,* 96 Wis. 2d 531, 546, 292 N.W.2d 370, 378 (Ct. App. 1980)). A simple statement referring us to a party's brief to the trial court does not comply with Rule 809.19.

prescribed by the commission, and are required to regularly file with the commission balance sheets and reports providing detailed information about their operations, assets and property. Sections 196.06 and 196.07, Stats. The commission sets depreciation rates for the property and plants of all regulated utilities and approves and monitors all new construction.

The legislature has "endow[ed] the commission with extraordinary power" over regulated utilities because "the members of the commission are experts in the field of utility regulation . . . ." *City of St. Francis v. Public Serv. Comm'n*, 270 Wis. 91, 98, 70 N.W.2d 221, 225 (1955). It is that expertise that must be brought to bear in determining the value of a utility.

In *St. Francis*, the supreme court discussed the relationship between the commission's expertise and its obligation to determine the value of a *regulated* utility under sec. 66.03(4), Stats.:

> The determination of the value of a municipal water utility presents special problems. These utilities are under the constant supervision of the Public Service Commission. They must have a permit from the commission to start in business; to abandon operations; to reduce or expand services; or to establish or change rates. [They] cannot be leased or sold except with the consent of the commission and at a price and terms to be fixed by the commission. In determining the value of such a utility the commission must see that the rights of patrons and investors, as well as the rights of the utility, are protected. Thus the meaning of "value" depends on the purpose for which a valuation is being made, and generally that value is based upon the amount a utility will be allowed to earn in order that all interested parties may be protected. Most questions of value of utilities arise in connection with rate

making, which is a species of price fixing. Price fixing may diminish the value of the utility which is regulated but that is no obstacle to the validity of the power of the commission to establish rates. Rates do not depend upon value, but the value of the utility depends on earnings under permitted rates. *St. Francis*, 270 Wis. at 97, 70 N.W.2d at 225.[2]

As the commission points out, it has no such supervision of, contact with or expertise regarding entities outside of its regulatory ambit: entities such as the Town of Beloit municipal sewerage system. We conclude, therefore, that applying the definition of "public utility" in sec. 196.01(5), Stats., to the valuation requirements of sec. 66.03(4), Stats., is both appropriate and proper. We agree with the commission that the nexus between the commission and the utilities it regulates is what provides it with the expertise to engage in such valuations, and that the term "public utility" in sec. 66.03(4) must be interpreted to refer only to those "public utilities" defined in sec. 196.01(5).

---

[2] In *St. Francis*, the court was considering the commission's valuation of a municipal water utility under sec. 66.03, Stats. The town suggests that this is evidence that the commission does indeed value municipal utilities under the statute. *St. Francis* concerned a water utility, however, and municipal water utilities are specifically within the definition of "public utility" in sec. 196.01, Stats., and have been regulated by the commission for many years, as the *St. Francis* court's discussion indicates.

And to the extent the town's brief suggests that the commission has expertise in the area resulting from its regulation of "private sewer utilit[ies]," the commission points out that there are no private sewerage systems in Wisconsin.

*By the Court.*—Order reversed and cause remanded with directions to enter judgment dismissing the town's petition for review.