Matthew VERDOLJAK, Plaintiff-Appellant-Petitioner,

v.

MOSINEE PAPER CORPORATION, Defendant-Respondent.

Supreme Court

*No. 94–2549–FT. Oral argument February 1, 1996.—Decided May 10, 1996.*

(Also reported in 547 N.W.2d 602.)

For the plaintiff-appellant-petitioner there was a brief by *Toby E. Marcovich, George L. Glonek* and *Mar-*

*covich, Cochrane & Milliken*, Superior, and oral argument by *George L. Glonek.*

For the defendant-respondent there was a brief by *Mark A. Siefert* and *Stilp, Cotton and Wells*, Eau Claire and oral argument by *Mark A. Siefert.*

JANINE P. GESKE, J. Matthew Verdoljak (Verdoljak) petitioned this court for review of a decision of the court of appeals affirming the order of the Circuit Court for Douglas County dismissing his negligence action against Mosinee Paper Corporation (Mosinee). The order was entered by Judge Joseph A. McDonald upon granting the defendant's motion for summary judgment on the grounds that the claim was barred under the "recreational use" statute, Wis. Stat. § 895.52[1] which "limits a property owner's liability for

---

[1] Wis. Stat. § 895.52 provides in relevant part:

**Recreational activities; limitation of property owners' liability. (1)** Definitions. In this section:

. . . .

(g) "Recreational activity" means any outdoor activity undertaken for the purpose of exercise, relaxation or pleasure, including practice or instruction in any such activity. "Recreational activity" includes, but is not limited to, hunting, fishing, trapping, camping, picnicking, exploring caves, nature study, bicycling, horseback riding, bird-watching, motorcycling . . . .

. . . .

**(2) No duty; immunity from liability.** (a) Except as provided in subs. (3) to (6), no owner and no officer, employe or agent of an owner owes to any person who enters the owner's property to engage in recreational activity:

1. A duty to keep the property safe for recreational activities.

. . . .

3. A duty to give warning of an unsafe condition, use or activity on the property.

an injury to, or caused by, someone engaging in a recreational activity on the owner's property." *Sievert v. American Family Mut. Ins. Co.*, 190 Wis. 2d 623, 626, 528 N.W.2d 413 (1995). We granted the petition for review to resolve the issue of whether § 895.52 was properly applied to immunize Mosinee from liability for injuries Verdoljak sustained while riding his motorbike on a logging road owned by Mosinee. We conclude that the recreational use statute does not require an owner to "open" his or her lands in order to be afforded immunity from liability to a person injured while engaging in recreational activity on the owner's property. We affirm the decision of the court of appeals and hold that the recreational use statute does apply to owners like Mosinee, even when they place some restrictions on the public's use of their lands.

## FACTS

The material facts are undisputed. On July 27, 1992, Verdoljak transported his Honda 125 "dirt bike" by truck to a location where he intended to meet friends to go riding "for fun." Upon arriving and not finding his friends, Verdoljak unloaded his motorbike and went riding alone at a nearby sand pit. After a short time, he decided to try to meet up with his friends and headed back along a dirt or sandy trail through a forested area. Verdoljak had used the logging trail before and viewed it as a "short-cut" to the area where he intended to meet his friends. He was injured when he drove into a gate blocking the road which consisted of a one-half-inch

(b) Except as provided in subs. (3) to (6), no owner and no officer, employe or agent of an owner is liable for any injury to, or any injury caused by, a person engaging in a recreational activity on the owner's property or for any injury resulting from an attack by a wild animal.

steel rod suspended by chains hung from posts on either side of the trail.

Mosinee owns the section of forest where the accident occurred. Several trails or logging roads wind through the property to provide Mosinee's logging trucks and equipment access to the forest land during harvest season. For the protection of the property, the public, loggers and logging equipment, the gate is closed during active harvesting operations to block access by private vehicles or individuals. However, when logging is not in progress, the property is open to the public for hunting and fishing[2] and permits could be obtained to gather firewood. There were no "no trespassing" signs posted. Nor were there signs prohibiting motorbike use on the trail or specifically designating the trail for such use.

---

[2] Mosinee allows hunting and fishing on its land under the dictates of Wis. Stat. § 77.83(2), which requires that, in order to qualify for certain property tax incentives, an owner of "managed forest land shall permit public access to the land for hunting, fishing, hiking, sight-seeing and cross-country skiing."

Mosinee contends that the concept that owners can limit the types of recreation allowed on their land and yet still benefit both the public and themselves by "opening" the land to public access is not only contemplated by the above statute (which enumerates only specific activities) but is explicitly permitted under Wis. Admin. Code § NR 46.21(3)(b), which provides that:

> Open areas may be posted in conformance with this section and s. 943.13, Stats., against uses other than hunting, fishing, hiking, sight-seeing and cross-country skiing as long as the post signs indicate the land is managed forest land and the land is open to the public for hunting, fishing, hiking, sight-seeing and cross-country skiing.

## RECREATIONAL USE IMMUNITY

We review a grant of summary judgment by applying the same standards used by the circuit court in making its initial determination—those set forth in Wis. Stat. § 802.08(2). *Shannon v. Shannon*, 150 Wis. 2d 434, 441, 442 N.W.2d 25 (1989). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Linville v. City of Janesville*, 184 Wis. 2d 705, 714, 516 N.W.2d 427 (1994). Resolution of this case requires us to apply the recreational use statute to the undisputed facts which presents a question of law requiring de novo review. *Sievert*, 190 Wis. 2d at 628.

Verdoljak argues that Mosinee is not entitled to invoke the protection of the recreational use statute in this case because Mosinee had not "opened" its property for the particular recreational use of motorbiking at the particular time of the accident. He asserts that the legislative history and the decisions of Wisconsin courts have made it clear that a private landowner is only afforded immunity for lands "opened" to public use. He argues further that Mosinee cannot claim the benefit of having "opened" its lands for recreational use because it took "affirmative steps to expressly forbid" the use of motorbikes on the property.[3] Under Verdoljak's theory, landowners should permit the public full access to their land for all recreational uses because any restrictions would expose an owner to liability. In short, he contends that landowners must open

---

[3] During oral argument, the only conduct that Verdoljak could point to as "expressly forbidding" motorbiking was the placement of the gate across the road.

all of their land, to all recreational uses, at all times, in order to benefit from full protection of the recreational use statute.

We reject this argument. Rather, we concur with the position taken by the court of appeals which found that the meaning of Wis. Stat. § 895.52 is "straightforward and plain: It limits 'the liability of property owners toward others who use the property for recreational activities'; it does not purport to condition that limit to owners *who open their land* to those who use it for recreational activities." *Verdoljak v. Mosinee Paper Corp.*, 192 Wis. 2d 235, 246, 531 N.W.2d 341 (Ct. App. 1995). There are large sections of land in Wisconsin on which a member of the public will be greeted by neither a "Welcome" nor a "No Trespassing" sign. Under Wis. Stat. § 895.52(2) the owner of the property is clearly, unambiguously immune from liability for injury suffered or caused by a person engaging in recreational activity on the property. The focus is on the activity of the person who enters and uses the land, not upon any obligation on the part of the owner to affirmatively demonstrate that the land is open.[4]

---

[4] This is not to say that there are no circumstances under which a landowner may be held liable to a person injured while recreating on his or her property. Wisconsin Statute § 895.52 expressly provides that liability is not limited if: (a) the private property owner collects money, goods or services in excess of $2,000 per annum in payment for use of the property for recreational activity; or if the injury is: (b) caused by a malicious failure of the owner, his or her employe or agent to warn of a known, unsafe condition; (c) caused by a malicious act by the owner, his or her employe or agent; (d) to a social guest expressly and individually invited by the owner for the specific

As in all instances when our inquiry centers on a statute, our primary objective is to ascertain and give effect to the intent of the legislature. *State v. Olson,* 175 Wis. 2d 628, 633, 498 N.W.2d 661 (1993). Here, the legislature has provided us with a clear statement of intent contained in the introductory language to 1983 Wisconsin Act 418 which created Wis. Stat. § 895.52:

> **Legislative intent.** The legislature intends by this act to limit the liability of property owners toward others who use their property for recreational activities under circumstances in which the owner does not derive more than a minimal pecuniary benefit. While it is not possible to specify in a statute every activity which might constitute a recreational activity, this act provides examples of the kinds of activities that are meant to be included, and the legislature intends that, where substantially similar circumstances or activities exist, this legislation should be liberally construed in favor of property owners to protect them from liability.

Neither the statement of legislative intent nor the language of Wis. Stat. § 895.52 contains the word "open." This stands in contrast with the introductory language of 1963 Wis. Act 89 which created the predecessor immunity statute, Wis. Stat. § 29.68[5] describing

occasion; or (e) to an employe acting in the scope of his or her duties. *See* Wis. Stat. § 895.52(6).

[5] The now repealed statute read, in relevant part:

**29.68 Liability of landowners.**

(2) *Permission.* An owner, lessee or occupant of premises who gives permission to another to hunt, fish, trap, camp, hike, sightsee, berry pick or to proceed with water sports or recreational uses upon such premises does not thereby extend any assurance that the premises are safe for such purpose, or constitute the person to

it as "relating to the limitations on liability of landowners who open private lands for recreational purposes." However, this introductory language was altered three times prior to the creation of § 895.52 in subsequent amendments, none mentioning an obligation to "open" land but rather referring to: "a landowner who gives another permission to use his land for a recreational purpose" (1965 Wis. Act 190); "landowners who permit people to cut or remove wood from their land" (1977 Wis. Act 75); and finally "landowners who allow their land to be used for certain outdoor recreational activities" (1977 Wis. Act 123).

We have found that the nature and language of amendments are significant and that the omission of a word or phrase is indicative of an intent to alter statutory meaning. *Cardinal v. Leader Nat. Ins. Co.*, 166 Wis. 2d 375, 388, 480 N.W.2d 1 (1992). Further, where a statute has been repealed and recreated on the same subject, any changes in language are presumed to be the result of conscious deliberation on the part of the legislature. *Kerkvliet v. Kerkvliet*, 166 Wis. 2d 930, 945-46, 480 N.W.2d 823 (Ct. App. 1992). Here, the newly created statute is essentially a complete rewrite, containing none of the previous references to "open[ing] land" and giving or granting "permission" to enter. Again, the legislature has provided clear guidance in its statement of its intent as to the focus of the current statute as contrasted with its predecessor: "[1983 Wis. Act 418] is intended to overrule any previous Wisconsin supreme court decisions interpreting section 29.68

whom permission is granted an invitee to whom a duty of care is owed, or assume responsibility for or incur liability for any injury to person or property caused by any act of persons to whom the permission is granted, . . .

of the statutes if the decision is more restrictive than or inconsistent with the provisions of this act."

The unambiguous language of the recreational use statute sets the following precondition for immunity—that the injury be to or caused by "a person engaging in a recreational activity on the owner's property . . ." Wis. Stat. § 895.52(2)(b). There is no language that conditions immunity upon affirmative acts on the part of the owner to grant permission or otherwise "open" land.[6] The legislature has made it clear that

---

[6] Even following the passage of Wis. Stat. § 895.52, both this court and the court of appeals have frequently commented that the underlying purpose of the statute is to expand opportunities for recreation through encouraging landowners to open their lands without fear of liability to those who enter to engage in recreational activities. *See, e.g., Linville v. City of Janesville,* 184 Wis. 2d 705, 715, 516 N.W.2d 427 (1994) ("The policy behind the statute is to encourage property owners to open their lands for recreational activities by removing a property user's potential cause of action against a property owner's alleged negligence."). *See also Szarzynski v. YMCA, Camp Minikani,* 184 Wis. 2d 875, 888, 517 N.W.2d 135 (1994); *Crowbridge v. Village of Egg Harbor,* 179 Wis. 2d 565, 572, 508 N.W.2d 15 (Ct. App. 1993); *Mooney v. Royal Ins. Co.,* 164 Wis. 2d 516, 522-23, 476 N.W.2d 287 (Ct. App. 1991); *Nelson v. Schreiner,* 161 Wis. 2d 798, 802, 469 N.W.2d 214 (Ct. App. 1991); *Ervin v. City of Kenosha,* 159 Wis. 2d 464, 477, 464 N.W.2d 654 (1991); *Kruschke v. City of New Richmond,* 157 Wis. 2d 167, 173, 458 N.W.2d 832 (Ct. App. 1990); *Silingo v. Village of Mukwonago,* 156 Wis. 2d 536, 544, 458 N.W.2d 379 (Ct. App. 1990); *Bystery v. Village of Sauk City,* 146 Wis. 2d 247, 252, 430 N.W.2d 611 (Ct. App. 1988).

As the courts of Wisconsin have used it, the concept of "openness" relates to public policy and legislative purpose—it has never been and is not now, as this opinion clarifies, an

previous decisions by Wisconsin courts that are more restrictive, implying a requirement that lands be "open," are overruled.

We must presume that the legislature intends for a statute to be interpreted in a manner that advances the purposes of the statute. *GTE North Inc. v. Public Service Comm.*, 176 Wis. 2d 559, 566, 500 N.W.2d 284 (1993). This court and the court of appeals have recognized that the purpose of the recreational immunity statute is to encourage property owners to allow use of their lands for recreational activities by removing the potential for liability arising out of negligence actions brought against them by persons who use the land for such recreational purposes. *See, e.g., Linville*, 184 Wis. 2d at 715; *Silingo v. Village of Mukwonago*, 156 Wis. 2d 536, 544, 458 N.W.2d 379 (Ct. App. 1990); *Bystery v. Village of Sauk City*, 146 Wis. 2d 247, 252, 430 N.W.2d 611 (Ct. App. 1988). This purpose would be defeated if Verdoljak's interpretation were adopted because property owners would lose the certainty that a true immunity statute like § 895.52 provides. Owners would be encouraged to close all of their lands to all purposes if they feared that a partial restriction covering particular activities would actually expose them to greater, rather than lesser, liability.[7] Public policy is well-served by the current statute under which landowners are encouraged to allow public access to their

"element" of the statute that a landowner needs to satisfy in order to be afforded immunity.

[7] The inherent irony if such an interpretation were adopted is illustrated by Mosinee's situation where the company restricted access to that area of the forest during harvesting operations, at least in part, due to its concerns for safety.

property and those who take advantage of this access by recreating cannot sue for ordinary negligence.

According to Verdoljak, each case is fact-governed and immunity should only apply to injuries sustained in recreational activities that are specifically permitted on a given property. In investigating this line of thought, the following hypothetical was posed during oral argument: Farmer A allows public access to a lake on his property for public swimming, but posts a sign prohibiting skateboarding on a hilly area next to the lake. Verdoljak stated that, under his interpretation, the statute would immunize the property owner from suit by an injured swimmer but not by a skateboarder.

Adherence to the canons of statutory construction as well as common sense require us to reject this argument. We will not adopt an interpretation that would lead to an absurd or unreasonable result. *Cardinal*, 166 Wis. 2d at 390. The above scenario does present just such an absurd result. This line of questioning in oral argument also raised the issue of whether, if Verdoljak were determined to have been trespassing at the time and point of his accident, Mosinee would be barred from claiming statutory immunity. We take this opportunity to state that the applicability of Wis. Stat. § 895.52 does not hinge on the injured party's status as a non-trespasser, but rather on his or her use of the property for recreational purposes. We reject the notion that the recreational use statute could confer greater protection to a trespasser than to one who was lawfully using the premises and, conversely, that it could expose a property owner to greater liability to one engaging in prohibited activity than to members of the public utilizing the property as intended. Again, we

avoid constructions of a statute that lead to absurd results.

Although our decision today is based on interpretation of Wisconsin's recreational use statute which predates that of many other jurisdictions,[8] we note that our holding is in conformance with that reached by many other state and federal courts faced with similar scenarios. For example, in *Holden v. Schwer*, 495 N.W.2d 269 (Neb. 1993), the Supreme Court of Nebraska concluded that the state's Recreation Liability Act immunized a farmer, who allowed the public to use his property with permission, from suit by a plaintiff who was injured when she drove a three-wheeled vehicle into a barbed wire fence. The court commented that "[i]t would not encourage landowners to allow others to use their property if, to come under the protection of the act, they had to allow any person, at any time, under any circumstances, to come onto their property and use it in any manner that person saw fit." *Holden*, 495 N.W.2d at 273.[9]

---

[8] The original Wisconsin recreational use statute, Wis. Stat. § 29.68, enacted in 1963 was one of the earliest in the country, predating the model act developed by the Council of State Governments in 1965 which forms the basis for the statutes subsequently adopted in many states. *See LePoidevin v. Wilson*, 111 Wis. 2d 116, 131 n.8, 330 N.W.2d 555 (1983).

[9] *See also Hubbard v. Brown*, 785 P.2d 1183 (Cal. 1990) (affirming that holder of federal grazing permit immunized from suit by motorcyclist who collided with barbed wire gate under California code which makes "recreational users responsible for their own safety and eliminat[es] the financial risk that had kept land closed"); *Sega v. State of New York*, 456 N.E.2d 1174, 1175 (N.Y. 1983) (finding operator of all-terrain vehicle who drove into cable blocking roadway in no-fee State park barred from suing State under statute immunizing landowners

 Our decision follows the legislative directive contained in 1983 Wis. Act 418 that the recreational use statute "should be liberally construed in favor of the property owners to protect them from liability." *See also Linville*, 184 Wis. 2d at 715. In keeping with that directive, and to give effect to the intent of the legislature, we conclude that under Wisconsin's recreational use statute, § 895.52(2)(a), Mosinee owed no duty to Verdoljak who had entered the property to engage in a recreational activity and, therefore, Mosinee is not liable for the injury incurred by Verdoljak while engaging in that activity. Thus, we affirm the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.

---

who "gratuitously allow persons to use their property for certain enumerated recreational activities").