Jowe Lynne NELSON, a minor, by her guardian ad litem, Layne F. Yost, and Rhonda K. Nelson, her mother, Plaintiffs-Appellants,†

v.

Jan Paul SCHREINER, Defendant,

EAU CLAIRE COUNTY, a municipal corporation, and Wausau Underwriters Insurance Company, Defendants-Respondents.

Court of Appeals

*No. 90–1285. Submitted on briefs January 2, 1991.—Decided March 26, 1991.*

(Also reported in 469 N.W.2d 214.)

†Petition to review filed.

799

On behalf of plaintiffs-appellants, the cause was submitted on the briefs of *Robert W. Dernbach* of *Dernbach & Koehn S.C.* of Eau Claire.

On behalf of defendants-respondents, the cause was submitted on the brief of *Scott L. Cox* of *Straub & Schuch* of Eau Claire.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.   Jowe Lynne Nelson, a minor (born August 27, 1986), and her mother, Rhonda Nelson, appeal a summary judgment dismissing their claims against Eau Claire County and its insurer arising out of Jowe's injuries suffered when she fell into a campfire while visiting a county park with her putative father,

Jan Paul Schreiner.[1] The circuit court held the county immune under the recreational immunity statute, sec. 895.52, Stats. The plaintiffs argue that: (1) the county cannot invoke the statute without proof of Jowe's intent to engage in recreation and that she could not purposefully do so at the tender age of twenty-one months; (2) camping is an immune recreational activity only when it occurs at a primitive, undeveloped site; (3) the campground was a commercial enterprise and not entitled to immunity; and (4) a jury issue is presented whether immunity was abrogated because the county knew of several prior campfire injuries at the same park. We reject each argument and affirm.

Jowe accompanied her putative father, Jan, to the Coon Fork Campground located on the Coon Fork Flowage in the town of Bridge Creek in Eau Claire County in late May 1988 where Jan's relatives were camping. While Jan and others were erecting a tent, Jowe and other family children swam and played in the vicinity of relatives. The campers had built a campfire within a ten-inch-deep circular iron ring, whose top circumference was flush with the ground. Jowe, while no one was looking, fell into the fire and suffered serious burns. Other alleged facts appear in the discussion of the several issues.

On review of a summary judgment, this court applies the same methodology as the trial court and without deference to the decision of the trial court. *Hall v. Turtle Lake Lions Club,* 146 Wis. 2d 486, 487, 431 N.W.2d 696, 697 (Ct. App. 1988).

---

[1] The circuit court gave the plaintiffs the right to replead its complaint, and this court granted leave to appeal by order dated August 21, 1990.

Section 895.52(2)(a), Stats., grants a landowner, including a municipality, immunity from liability to "any person who enters the owner's property to engage in a recreational activity." Section 895.52, created by 1983 Wis. Act 418, sec. 1, is by legislative directive to be liberally construed in favor of property owners. *Ervin v. City of Kenosha,* 159 Wis. 2d 464, 476, 464 N.W.2d 654, 659 (1991).

We first reject the suggestion that the statute is inapplicable because Jowe could not form the subjective mental purpose to engage in recreational activity. The legislature created this statute to encourage landowners, governmental and private, to open scarce resources to public recreation, and the immunity purports to apply to "any person" who enters to engage in recreation. Section 895.52(2)(a), Stats. If young children are excluded from the limit of owners' liability because they cannot form the mental intent to engage in recreation, the statute is rendered largely ineffective. To the extent that a mental purpose is relevant to finding that recreational activity occurred, we conclude that where an infant accompanies an adult engaged in activities enumerated by the statute, the parent or custodian's purpose is imputed to the child. Further, whether particular conduct is "recreational activity" is not determined solely from the user's subjective perspective but, rather, requires an objective analysis. *Silingo v. Village of Mukwonago,* 156 Wis. 2d 536, 544, 458 N.W.2d 379, 382–83 (Ct. App. 1990). Actions whose intrinsic nature are recreational and are conducted at a public facility or service dedicated to exercise, relaxation or pleasure may be recreational activities without further proof of the actor's mental purpose. *See id.* at 544–45, 458 N.W.2d at 382–83.

Here, the child was engaged in camping activities, playing and swimming at a designated campground whose very purpose is to facilitate public recreation. The plaintiffs point to *Shannon v. Shannon,* 150 Wis. 2d 434, 442 N.W.2d 25 (1989), which held sec. 895.52, Stats., inapplicable where a three-year-old child nearly drowned when she wandered from her parents' yard to a neighbor's property and fell in an abutting lake. The court held that "the random wanderings of a three-year-old child are not substantially similar to the activities enumerated in sec. 895.52(1)(g)." *Shannon,* 150 Wis. 2d at 448, 442 N.W.2d at 32. Those facts are readily distinguished from the facts here. Jowe did not wander upon the property at random. She accompanied her putative father, whose avowed purpose was camping and other recreation. The intrinsic nature of the child's playful activities and the recreational nature of the camp facility objectively and irrefutably suggest conduct within the contemplation of the statute.

The plaintiffs next argue that "camping" within the statutory definition of recreational activity is limited to primitive camping at undeveloped sites. This court rejected similar "rustic sites only" arguments in *Kruschke v. City of New Richmond,* 157 Wis. 2d 167, 458 N.W.2d 832 (Ct. App. 1990) (swinging in a city park); *Taylor v. City of Appleton,* 147 Wis. 2d 644, 433 N.W.2d 293 (Ct. App. 1988) (playing catch with a football in a city park); and *Johnson v. Darlington,* 160 Wis. 2d 418, 466 N.W.2d 233 (Ct. App. 1991) (swimming in a city pool). We also note that the statute itself explicitly and without qualification includes "camping" as a recreational activity. Section 895.52(1)(g), Stats.

■ Next, the plaintiffs' brief states that Eau Claire County annually collected approximately $15,000 in rental fees for eighty-eight separate campsites, that the park premises included aggregate concession sales, firewood sales and canoe and paddle boat rentals of approximately $3,600, which render the operation a commercial activity that falls outside the statute, citing *Silingo.* The plaintiffs' brief recites these "facts" without record cites. Section 809.19(1)(d), Stats., calls for appropriate references to the record, and this court need not sift the record for facts to support counsel's contentions. *See Keplin v. Hardware Mut. Cas. Co.,* 24 Wis. 2d 319, 324, 129 N.W.2d 321, 323 (1964). We have, nevertheless, examined the limited record submitted. We discover no evidence of the allegations made in the brief. Assertions of fact that are not part of the record will not be considered. *Jenkins v. Sabourin,* 104 Wis. 2d 309, 313–14, 311 N.W.2d 600, 603 (1981).[2]

Even if we were to assume the "facts" asserted, the result would not change. *Silingo* remanded for trial a plaintiff's claim that a flea market was a commercial enterprise outside the protection of the statute where a municipality allowed the American Legion to lease over 100 park sites in a village park for $20 per site to interested vendors participating in a flea market. The court held that "sec. 895.52 . . . accorded landowners some degree of certainty regarding their potential liability. This goal is not served by making the test for 'recreational activity' a subjective one . . .. [W]e adopt an objective test which requires that *all social and economic*

_____

[2]One of the trial briefs included in the appeal record refers to a deposition of a man identified elsewhere in the records as the director of Eau Claire County parks. This deposition is not a part of the record.

*aspects* of the activity be examined." *Id.* at 544, 458 N.W.2d at 382 (emphasis in original).

Presumably because no one raised the issue, *Silingo* did not address the import of sec. 895.52(4)(a), Stats., which provides: "[The recreational immunity statute] does not limit the liability of a governmental body . . . for . . . the following: . . . An injury that occurs on property of which a governmental body is the owner at any event *for which the owner charges an admission fee for spectators.*" (Emphasis added.) Arguably, because the legislature explicitly recites spectator admissions as the only economic limit upon governmental landowners seeking immunity, other fees or sales do not matter. Section 895.52 contains a broader economic restriction on private landowners who lose their immunity if they collect money, goods or services in payment for the use of the property in an annual aggregate amount exceeding $2,000. *See* sec. 895.52(6)(a), Stats.[3]

█

Because *Silingo* does not address these statutory provisions, the question arises whether its suggested economic analysis is appropriate. We need not decide because neither the statute nor the *Silingo* test abrogate immunity here. First, the county did not charge the statutory admission fee for spectators. Considering the overall social and economic aspects of the park operations, they are dramatically different in nature and degree from the one-day buy-and-sell marketing of merchandise in *Silingo.* The modest gross income from the continuous operation of a large public campground where entry and use of picnic and playground are free should not be construed to negate the liberal construction in favor of immunity intended by the legislature. We conclude that

---

[3]Amended from $500 by sec. 2823, 1989 Wis. Act 31.

the county campground is within the protection of sec. 895.52, Stats.[4]

The plaintiffs' last argument suggests that the knowledge by county officials of three alleged prior burning incidents at Coon Fork Campground bar the application of sec. 895.52, Stats. Although there is no mention of it, this argument is presumably based upon sec. 895.52(4)(b):

> Subsection (2) does not limit the liability of a governmental body . . . for . . ..
>
> . . ..
> (b)   An injury caused by a malicious act or by a malicious failure to warn against an unsafe condition of which an officer, employe or agent of a governmental body knew, which occurs on property designated by the governmental body for recreational activities.

The record of the alleged prior injuries are briefly described in letters and attached enclosures from the parties' attorneys to the circuit court. They do not meet the evidentiary requirements of sec. 802.08(3), Stats., that control supporting and opposing affidavits in sum-

---

[4]The plaintiffs also argue that the county campground is a proprietary rather than a governmental function and therefore not immune, an argument we view as subsumed in the commercial enterprise analysis. Traditionally, at common-law, a municipality acting in a proprietary fashion lost its immunity from liability. *Matson v. Dane County,* 172 Wis. 522, 179 N.W. 744 (1920). When *Holytz v. City of Milwaukee,* 17 Wis. 2d 26, 115 N.W.2d 618 (1962), abolished the common-law concept of governmental immunity, it stated: "[I]t is no longer necessary to divide its operations into those which are proprietary and those which are governmental." *Id.* at 39, 115 N.W.2d at 625. Instead, as *Holytz* notes, the legislature may still determine in what manner and in what courts suits may be brought. *Id.* at 41, 115 N.W.2d at 625-26. The limits of sec. 895.52 is such a determination.

mary judgment proceedings. Because the county does not raise this defense, however, we will accept as undisputed facts the summary given in the plaintiffs' documents.

The import of subsec. (4)(b) was most recently discussed in *Ervin,* which approved the jury instruction definition of "malicious" found in Wis. J I—Civil 1707: "Acts are malicious when they are the result of hatred, ill will, a desire for revenge, or inflicted under circumstances where insult or injury is intended." *Ervin,* 159 Wis. 2d at 483, 464 N.W.2d at 662. The mere disclosure of several prior injuries over a period of years and the apparent knowledge thereby by county officials is insufficient evidence upon which to support an inference of malice.

*By the Court.*—Judgment affirmed.