**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**November 12, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2020AP1002**

**STATE OF WISCONSIN**

Cir. Ct. No. 2020CV61

**IN COURT OF APPEALS**
**DISTRICT IV**

---

CITY OF BEAVER DAM,

    PLAINTIFF-RESPONDENT,

  V.

DIANE LYNN TOMKO,

    DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Dodge County: BRIAN A. PFITZINGER, Judge. *Affirmed.*

¶1    FITZPATRICK, P.J.[1]   Diane Tomko, pro se, appeals an order of the Dodge County Circuit Court finding her guilty of operating a motor vehicle without insurance, operating a motor vehicle without registration, operating a

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

motor vehicle without an operator's license, and resisting an officer.[2]  Tomko was found guilty of each citation by the City of Beaver Dam Municipal Court and unsuccessfully appealed those findings to the circuit court.

¶2      On appeal, Tomko argues that state laws prohibiting the operation of a motor vehicle that is unregistered, *see* WIS. STAT. § 341.04(1), the operation of a motor vehicle without an operator's license, *see* WIS. STAT. § 343.05, and the operation of a motor vehicle without insurance, *see* WIS. STAT. § 344.62(1), impermissibly interfere with her constitutional right to drive on public highways "freely unencumbered."  Tomko is wrong.

¶3      The constitutionality of driver licensing, registration, and insurance statutes is a question of law.  ***State v. Smith***, 2010 WI 16, ¶8, 323 Wis. 2d 377, 780 N.W.2d 90.   A statute is presumed to be constitutional and the party challenging the statute's constitutionality bears the burden of "prove[ing] that the statute is unconstitutional beyond a reasonable doubt."   ***Id.*** (quoted source omitted).

¶4      The Wisconsin Supreme Court has held that driving on the highways of this state is not a right but is, instead, a privilege that may be subjected to

---

[2] Tomko has not filed a transcript of the trial proceedings and has stated in her Statement on Transcript filed in this court that doing so "is not necessary for prosecution of [her] appeal."  In addition, Tomko's appendix filed in this court contains numerous documents purportedly from the proceedings before the municipal and/or circuit court. Those documents are not part of the record before this court and cannot be considered. *See **Nelson v. Schreiner***, 161 Wis. 2d 798, 804, 469 N.W.2d 214 (Ct. App. 1991).  Even if those documents were considered, it would not make a difference to the result.

I also note that the brief of the City of Beaver Dam includes purported facts that lack citation to the record, as required by WIS. STAT. RULE 809.19(e).  *See **Nelson***, 161 Wis. 2d at 804.  This indiscretion by the City does not affect the result.

reasonable regulations. *See Steeno v. State*, 85 Wis. 2d 663, 671, 271 N.W.2d 396 (1978); *State v. Seraphine*, 266 Wis. 118, 123, 62 N.W.2d 403 (1954). The regulation of the nation's highways is primarily the responsibility of the states, and that power is "broad and pervasive." *See Bibb v. Navajo Freight Lines, Inc.*, 359 U.S. 520, 523 (1959). "[A] state may rightfully prescribe uniform regulations necessary for public safety and order in respect to the operation upon its highways of all motor vehicles." *Hendrick v. Maryland*, 235 U.S. 610, 622 (1915). "[T]o this end [a state] may require the registration of such vehicles and the licensing of their drivers," *id.*, and may require drivers to obtain liability insurance coverage, *see Sprout v. City of South Bend*, 277 U.S. 163, 171-72 (1928).

¶5      Tomko's other assertions about the constitutionality of the relevant Wisconsin Statutes are incoherent. I reject those arguments on that basis. *State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (declining to address inadequately developed arguments). Accordingly, I reject Tomko's constitutional challenge and affirm the order of the circuit court.

## CONCLUSION

¶6      For the foregoing reasons, the order of the circuit court is affirmed.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.