COURT OF APPEALS
DECISION
DATED AND FILED

October 13, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2021AP79**

**STATE OF WISCONSIN**

Cir. Ct. No. 2020SC3499

**IN COURT OF APPEALS
DISTRICT II**

MORRIS S. REECE,

   PLAINTIFF-RESPONDENT,

 V.

CARSON D. COMBS,

   DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Racine County: MICHAEL J. PIONTEK, Judge. *Affirmed*.

¶1    NEUBAUER, J.[1]  Carson D. Combs appeals from an order of the circuit court granting eviction and issuing a writ of restitution in an action filed by

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

his landlord, Morris S. Reece. As we understand his briefing, Combs appears to argue that the circuit court lacked competency to proceed over the eviction action, violated his due process rights for various reasons, and was biased against Combs. We affirm the order of the circuit court.

## BACKGROUND

¶2      The parties do not dispute the following facts pertinent to this appeal,[2] which, up to the return date hearing, were summarized by the circuit court as follows:

> This is an eviction action filed by [Reece] on November 16, 2020. It was filed pursuant to a 30-day notice to vacate. The complaint alleges that defendant's one-year lease expired on September 30, 2020,[3] it has not been renewed. [Combs] refuses to vacate, refuses landlord to enter. The notice was given September 21, 2020, via certified mail, and it notifies Mr. Combs he's to vacate by October 31, 2020, which is the last day of the rental period….
>
>      ….
>
>      In his objection to the notice of termination of tenancy, [Combs] alleges that he's under a VA HUD/VASH Housing Program Section 8 administered by HUD. He admits he was renting the upper unit of the property by virtue of a Housing Assistance Payment subsidizing his rent through the Racine County Housing Authority.

---

[2] We note that Combs presents a number of facts in his briefing and appendix that are not part of the circuit court record. We will not include those facts in our discussion or rely on them in our analysis of the circuit court proceedings and decisions, as they are unsupported by the record before the circuit court. *See Nelson v. Schreiner*, 161 Wis. 2d 798, 804, 469 N.W.2d 214 (Ct. App. 1991); 4 C.J.S. *Appeal and Error* § 688 (2021) (collecting cases).

[3] Our review of the relevant record documents indicates that the term of the original lease actually expired on August 31, 2020, one year after it was entered into, at which point the Racine County Housing Authority (RCHA) stopped making payments on Combs's behalf pursuant to the federal Housing Assistance Program (HAP).

In an attempt to narrow the issues for trial, the circuit court made several additional findings at the return hearing, including that the notice provided by Reece was "adequate to notify" Combs of the termination of the tenancy, that, although the parties entered into a mutual rescission of the lease in February 2020, the parties continued in a landlord-tenant relationship with Combs maintaining occupancy as a "month-to-month" holdover, that all but one of Combs's asserted counterclaims were not properly permissible in an eviction action. The court further concluded that the only issue appropriate for trial at that point was Combs's allegation of retaliatory eviction. The court set the matter over for a trial on the retaliation issue for later that same afternoon.

¶3      The trial proceeded as scheduled that afternoon, but, without seeking "the [c]ourt's permission" or "explain[ing] why," Combs did not appear for the trial. Reece was the only person to testify at trial, though the court noted that it had reviewed Combs's lengthy "affidavit in support of his position in [the] matter." Based on Combs's affidavit, Reece's testimony, and the other facts and documents in the record to that point, the court found that Combs, "with his filings, which appear … to be frivolous, ha[d] no defense to [this] eviction action." The court further found that "based on the records, filings and proceedings, there is no question in the [c]ourt's mind" that the unit that Combs had been renting "wasn't placed up for sale in retaliation to anything [because] it was placed for sale months before he even began renting the property." The court also concluded that Reece gave Combs proper thirty-day-statutory notice "in an attempt to have the premises without renters so that it [could] be sold to a prospective buyer…. [I]t was a proper termination of the tenancy, and the tenancy is terminated." Based on these findings, "[t]he [c]ourt order[ed] an order of eviction to issue in the

form of a writ of restitution" and set a hearing date for the parties "to assert any money damage claims that [they] may have."

¶4      Prior to the trial on damages, Combs filed a motion in the circuit court "seeking [r]econsideration and [r]elief from the [j]udgment [o]rdering his eviction and granting a Writ of Restitution issued against him." For the first time up to that point, Combs argued that the alleged defective notice provided to him by Reece resulted in the circuit court's lack of subject matter jurisdiction over the eviction action. Combs sought to vacate the order of eviction.

¶5      At the start of the trial on damages, the circuit court made an oral ruling denying Combs's motion for reconsideration in its entirety. The court found that the challenge to the eviction was moot, noting that eviction was the only issue the court had decided at that point and Combs had already moved out of the apartment, but the relief sought in his reconsideration motion was to be allowed to move back into the unit, which was "moot" because Combs had moved off the premises by the time of the damages hearing. The court also denied the motion as to its purported lack of subject matter jurisdiction. The court considered the evidence presented by both parties at the damages' hearing, at which Combs did appear and testify, and found that, after giving Combs credit for his security deposit, rent paid on his behalf up until August 31, 2020, and other credits for which Combs presented documentation, Reece was entitled to money damages in the net amount of $5,302.77.

¶6      Combs appeals from the order granting eviction and issuing a writ of restitution. The notice of appeal indicates that Combs is appealing only the eviction itself and is silent as to the motion for reconsideration and the damages amount. We therefore limit our discussion below to the issues raised by Combs on

appeal that challenge the eviction proceedings and the small claims procedural violations he contends the court committed. We include additional facts in the discussion as necessary to the analysis.

## DISCUSSION

*Combs Fails to Demonstrate that the Notice to Vacate was Legally Deficient and thus Deprived the Circuit Court of Competency to Proceed*

¶7 We first address whether the circuit court was without competency to proceed over the eviction action based on what Combs argues was a failure by Reece to comply with the federal "notice of termination of tenancy" regulations, because Reece did not serve a copy of the termination notice to the Racine County Housing Authority (RCHA).[4] This is a threshold issue that we must decide before we consider the merits of Combs's appeal. *See generally* **Brandt v. LIRC**, 160 Wis. 2d 353, 367, 466 N.W.2d 673 (Ct. App. 1991), *aff'd*, 166 Wis. 2d 623, 630, 480 N.W.2d 494 (1992) (competency to proceed is "a threshold requirement which must be satisfied before the circuit court may act"). "Whether [a] circuit court possessed competency to adjudicate a matter is a question of law we review

---

[4] Before the circuit court, Combs wrongly identified the dispute as one over the court's subject matter jurisdiction as opposed to competency. On appeal, he acknowledges that the proper inquiry involves the court's competency. Reece argues that Combs failed to raise the competency challenge before the circuit court and, as such, we should deem it forfeited. Combs admits that he raises competency for the first time on appeal, but asks us to exercise our discretionary powers to nonetheless consider the issue on appeal because he asserts that it is an issue of great importance. *See* **Village of Trempealeau v. Mikrut**, 2004 WI 79, ¶27, 273 Wis. 2d 76, 681 N.W.2d 190 ("a challenge to the court's competency will be deemed [forfeited] if not raised in the circuit court, subject to the inherent authority of the reviewing court to disregard the [forfeiture] and address the merits of the unpreserved argument or to engage in discretionary review"). Because of Combs's status as a pro se litigant, we address the issue on its merits, briefly, in the text above. *See* **Waushara County v. Graf**, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992) ("the court may make special concessions in certain pro se appeals [and] … minor procedural deviations are allowed" (citation omitted)).

de novo." ***S.R. v. Circuit Ct. for Winnebago Cnty.***, 2015 WI App 98, ¶9, 366 Wis. 2d 134, 876 N.W.2d 147.

¶8	In his affidavit filed with the circuit court in opposition to the eviction proceeding, Combs averred that Reece "received Housing Assistance Payments (HAP) from the RCHA—well after the effective 'termination date' of the apartment lease negotiated between [Combs] and [Reece], of February 29, 2020." Combs averred that he was "<u>currently not</u> in any 'lease contract' or any 'rental agreement' with" Reece at the time of the filing of the affidavit, further stating that "[f]ederal regulations clearly indicate that once the lease terminates, the HAP contract terminates." *See* 24 C.F.R. § 982.451(a)(2) (2021) ("The term of the HAP contract is the same as the term of the lease."). Based on his understanding that he was living in the place with no lease, Combs essentially argued that he was not under any obligation to make payments on the apartment past February 29, 2020, but that he was entitled to remain on the property because Reece continued to receive HAP payments after the end of February and until August 2020.

¶9	Combs further relied on this understanding of the law to argue to the circuit court that Reece was required to comply with federal regulations prior to seeking to evict Combs. Combs takes this same position on appeal. The problem is that Combs seems to misunderstand the fact that, as the circuit court explained, although the parties mutually rescinded the lease contract, the tenancy arrangement continued on a "month-to-month" basis. *See* WIS. STAT. § 704.25(2)(b) ("If premises are leased for less than a year for any use, or if leased for any period primarily for private residential purposes, and the tenant holds over after expiration of the lease, the landlord may elect to hold the tenant on a month-to-month basis …."). As such, although the parties mutually rescinded their lease

agreement at the end of February, Combs stayed on as a holdover tenant on a month-to-month basis. As such, Reece continued to receive HAP payments from RCHA for several months on behalf of Combs after the lease was rescinded and until August 31, 2020, under the term of the original lease. *See **Khan v. Bland***, 630 F.3d 519, 530 (7th Cir. 2010) ("Although the defendants presented evidence that the initial lease terms typed on the front of the HAP contracts were for twelve months, the term of the HAP contract includes the initial lease term *and any extensions*.").

¶10 Because RCHA made payments under the terms of the original lease until August 31, 2020, Reece was bound to comply with federal notice provisions throughout this time period. When the HAP payments terminated at the end of August 2020, so, too, did Reece's obligations to abide by the federal regulations governing notice requirements. As such, as the circuit court properly held, the only statutes that Reece was bound by were Wisconsin landlord-tenant statutes.

¶11 The circuit court found that, pursuant to WIS. STAT. § 704.19(3), "there's no question [Reece] gave [Combs] proper notice," when he notified Combs on September 21, 2020 that he had to vacate the rental unit by October 31, 2020—forty days' notice, which is clearly more than the twenty-eight days required by § 704.19(3). Thus, we agree with the court that there was ample, sufficient notice given to Combs, and as such, we discuss the federal regulations, which do not apply, and the notice issue no further.

¶12 Based on our conclusion that the circuit court did not err in determining that Reece gave Combs proper notice under the Wisconsin statute, which Combs acknowledges, we further conclude that the court had competency

to proceed over the eviction proceedings because there were no federal statutory violations or errors related to the notice.

*Combs Fails to Demonstrate Any Violation of His Rights Caused by the Procedures Employed by the Circuit Court in this Small Claims Action*

¶13 Combs raises several issues on appeal that he contends were violations of his "due process" rights by the circuit court. However, he cites to no purported constitutional violations nor any related legal authority and, as a result, we consider his challenge on appeal to be based on what he argues were procedural errors in the small claims process. In support of his assertion that the court committed small claims' procedural violations, he specifically identifies the circuit court's dismissal of several of his counterclaims, the setting of the trial date later in the day following the return date hearing, and the fact that the trial was limited to his retaliatory eviction counterclaim, which is really just a different way of saying that he believes the court erred in dismissing all of his counterclaims except for the retaliatory eviction claim.

¶14 Actions for eviction are subject to the procedure for small claims actions. This appeal involves the application of the small claims statute, WIS. STAT. ch. 799, to the facts of the case. The application of a statute to a set of facts is an issue we decide de novo, without deference to the trial court's determination. *State v. P.G. Miron Constr. Co.*, 181 Wis. 2d 1045, 1052, 512 N.W.2d 499 (1994).

¶15 WISCONSIN STAT. § 799.20 allows the defendant to answer or otherwise respond to the summons and complaint at the return date. If the defendant in an eviction action appears on the return date, the trial court is required to determine whether the defendant claims a defense to the action.

8

Sec. 799.20(4). If the trial court determines that the defendant does claim a defense, it must schedule a trial of the issues in the action no later than thirty days from the return date. *Id.* Although Combs takes issue with the court's scheduling of the trial at the close of the return date hearing for later that same day, Combs provides no authority, controlling or otherwise, that would support a conclusion by this court that the circuit court was not entitled to schedule the trial for when it did. The court explained to the parties that it could not "let this thing drag into months and months on an eviction" because if the court delays in holding the trial some tenants "play games, and they're able to stay on the property" when, at least sometimes, they have no legal right to do so. Combs indicated to the court that he understood the need for expediency, and also that he would "reconnect" (via Zoom) later that afternoon for the "[t]rial on retaliation … at 2:30 p.m."[5]

¶16    Moreover, a plain reading of WIS. STAT. § 799.20(4), which provides that the court "shall hold and complete a court or jury trial of the issue of possession of the premises involved in the action within [thirty] days of the return

---

[5] The only objection Combs raised before the circuit court to holding the eviction trial on the same date as the return hearing was that it deprived Combs of his right to present witness testimony regarding the federal lawsuit alleged to be the basis of the retaliatory eviction. However, Combs fails to address the circuit court's remarks indicating that the testimony was wholly unnecessary because the complaint and other record documents in the federal action are public records that the court could easily access and which would speak for themselves. Ultimately, the only relevance of the federal action was the timing—and the court found that Reece's decision to sell the property was made long before the federal action was filed. In short, Combs fails to show that the federal lawsuit was in any way related to his eviction.

Combs also contends that the circuit court erred in failing to take into account the "extraordinary circumstances" which he claims led to his nonappearance at trial, but we do not address this argument further because he fails to fully develop an argument supported by factual support or any legal authority on appeal. We need not consider arguments not fully developed on appeal, *State v. Pettit*, 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992), nor will we develop arguments for the parties, *Lakeland Area Property Owners Ass'n, U.A. v. Oneida County*, 2021 WI App 19, ¶17, 396 Wis. 2d 622, 957 N.W.2d 605.

date" shows that there is nothing in the statute itself which would prohibit a court from scheduling a trial at any time within that thirty-day period, including on the same date as the return, which is clearly "*within [thirty] days of the return date*." *Id.* (emphasis added). Combs points to no authority which would indicate that enforcement of this statutorily sanctioned time line violates due process rights, and we are not aware of any such authority. We therefore reject Combs's argument that this statutorily permissible action by the circuit court was a violation of any of his rights—due process or otherwise.

¶17     Combs also takes issue with the circuit court's dismissal of several of his counterclaims against Reece asserted with his answer to the eviction complaint. At the close of the return hearing, the court narrowed the issues that were to be tried and dismissed counterclaims including those alleging defamation of character, failure to return and account for Combs's security deposit, equitable estoppel, and "civil theft," leaving for trial only the issue of whether Reece was unlawfully retaliating against Combs in seeking eviction.

¶18     A court has great latitude in the conduct of small claims trials. *See* WIS. STAT. § 911.01(4)(d). We further acknowledge that there are a very limited number of issues permissible in an eviction action. ***Clark Oil & Refining Corp. v. Leistikow***, 69 Wis. 2d 226, 234-35, 230 N.W.2d 736 (1975), recited those issues as follows: (a) whether the relation of landlord and tenant exists between the parties, (b) whether the tenant is holding over, (c) whether proper notice was given, (d) whether the landlord has proper title to the premises, and (e) whether the landlord is attempting a retaliatory eviction. Thus, anything outside the five listed issues is irrelevant.

¶19    As the circuit court explained to Combs, most of his counterclaims were not among those issues appropriately decided at a trial for an eviction action, though at least some of the issues could be addressed in the damages phase of the eviction proceedings if the court indeed decided that eviction was warranted.[6] Addressing only those issues permissible at an eviction trial, the circuit court had already ruled that a landlord-tenant relationship existed between Reece and Combs pursuant to the initial lease up until the rescission in February 2020, that Combs was holding over on a month-to-month basis through the end of the original lease term of August 31, 2020, and beyond, and that Reece gave Combs proper notice of eviction. There was no issue as to whether Reece properly held title to the property. As such, the circuit court did not err in holding a trial only on the remaining issue raised by Combs—retaliatory eviction—despite Combs's assertions to the contrary.

---

[6] Combs takes issue with the fact that the circuit court observed that this was not a "monetary eviction," but then proceeded to set a trial on the damages issue. Presumably the court was referring to the fact that the notice of termination did not state that Combs was being evicted for failure to pay rent. The statute is clear that the notice of eviction need not provide a reason. Rather, as for the contents *required* in the notice, WIS. STAT. § 704.19(4) provides only that the "[n]otice must be in writing, formal or informal, and substantially inform the other party to the landlord-tenant relation of the intent to terminate the tenancy and the date of termination." *See Scalzo v. Anderson*, 87 Wis. 2d 834, 846, 275 N.W.2d 894 (1979) ("The truthfulness or reasonableness of the cause for termination is not required nor is it of material significance when a landlord uses a [twenty-eight-]day notice of termination procedure."). Thus, there is no requirement that the notice provide any reason whatsoever for the eviction, much less a true and accurate basis for the termination. *Id.* ("Statutory [twenty-eight]-day notice of termination does not require that a landlord prove a breach of a lease covenant …."). Beyond that, Combs fails to point to any support for his suggestion that damages could not be considered in this eviction action.

*Combs Fails to Point to Evidence in the Record to Support His Claims of Judicial Bias*

¶20    Finally, Combs argues that he was deprived of due process because the trial court was "biased" against him.  He asserts that the trial court "violated [its] impartiality," having already ordered an eviction at the return date hearing.  "Whether a judge was objectively not impartial is a question of law that we review independently."  *State v. Herrmann*, 2015 WI 84, ¶23, 364 Wis. 2d 336, 867 N.W.2d 772 (citation omitted); *see also State v. Goodson*, 2009 WI App 107, ¶7, 320 Wis. 2d 166, 771 N.W.2d 385 ("Whether a circuit court's partiality can be questioned is a matter of law that we review independently.").  "There is a presumption that a judge has acted fairly, impartially, and without prejudice." *Herrmann*, 364 Wis. 2d 336, ¶24.  "The presumption is rebuttable, placing the burden on the party asserting the bias to show that bias by a preponderance of the evidence." *Id.*

¶21    We see no evidence of bias.  Combs's brief fails to develop coherent arguments that apply relevant legal authority to the facts of record and instead relies on conclusory assertions coupled with inapplicable legal principles.  He does not explain the nature or materiality of any alleged judicial bias or how the cited case law applies to the facts of his case.  To the extent Combs points to disagreements with the circuit court's decisions, unfavorable judicial rulings alone do not constitute judicial bias.  *See Liteky v. United States*, 510 U.S. 540, 550 (1994) ("[n]ot *all* unfavorable disposition towards an individual (or his [or her] case) is properly described" as "bias or prejudice"); *State v. Walberg*, 109 Wis. 2d 96, 107, 325 N.W.2d 687 (1982) ("[s]everal of the challenged remarks do not establish prejudice but rather are indirect attempts to challenge the court's rulings …."). Combs has not directed us to any evidence in the record indicating that the

trial court based its ruling on anything besides a good faith interpretation of the law.

## CONCLUSION

¶22     For all the reasons set forth above, we conclude that the circuit court had competency to proceed over the eviction proceedings and that it did not commit any procedural or other errors that in any way violated Combs's due process rights. We further conclude that there is no evidence on the record before us on appeal of any judicial bias against Combs. Therefore, we affirm.[7]

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[7] To the extent we have not addressed an argument raised by Combs on appeal, the argument is deemed rejected. *See State v. Waste Mgmt. of Wis., Inc*., 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978) ("An appellate court is not a performing bear, required to dance to each and every tune played on an appeal.").